PER CURIAM.
Appellant, a juvenile, seeks review of the trial court’s order of adjudication of delinquency. The sole issue raised concerns the duration of appellant’s placement in a community control program. We affirm in part and remand, with directions.
In June 1991, the trial court entered an order of adjudication of delinquency, finding that appellant had committed a battery. The trial court placed appellant in a community control program, under the supervision of the Department of Health and Rehabilitative Services (HRS), “until the child’s 19th birthday unless he ... is sooner released by the Court on motions by interested parties or on its own motion.” (Among the conditions to be included in the community control program was one which required appellant to complete a specified number of work hours in a community service program.) Appellant argues that, because he was only fifteen at the time of disposition, it was error to place him in a community control program for an indeterminate term exceeding one year, which is the maximum term of imprisonment to which an adult could be sentenced for battery.
The battery which appellant was found to have committed occurred after the effective date of the 1990 amendments to Chapter 39, Florida Statutes. Ch. 90-208, Laws of Fla. Recently, in EJ. v. State, 595 So.2d 282 (Fla. 1st DCA 1992) (corrected opinion), this court interpreted the portions of Section 39.054, Florida Statutes (Supp. 1990), which address community control programs. That decision determines the outcome here.
Based upon EJ., we conclude that it was not error to place appellant “in a community control program ... until his 19th birthday unless he is sooner released by the court, on the motion of an interested party or on its own motion.” § 39.054(l)(a)5., Fla.Stat. (Supp.1990). However, the duration of supervision and of participation in the community service program “shall not exceed the term for which sentence could be imposed if the child were committed for *1129 the offense” [§ 39.054(l)(a)2., Fla.Stat. (Supp.1990) ], i.e., “the maximum term of imprisonment which an adult may serve for the same offense.” § 39.054(4), Fla.Stat. (Supp.1990). Therefore, on remand the trial court is directed to correct its order of adjudication of delinquency to reflect that supervision by HRS shall be for an indeterminate term, not to exceed one year; and that appellant shall complete the work hours assigned to him in the community service program within one year.
AFFIRMED IN PART and REMANDED, with directions.
ALLEN, KAHN and WEBSTER, JJ„ concur.