PER CURIAM.
This cause is before us on appeal from an order withholding adjudication of delinquency and placing appellant in a community control program without express limitation as to the duration of his term. Appellant contends the trial court erred in failing to limit the term of community control to the maximum adult sanction for the offense.
Prior to the repeal of Section 39.11, Florida Statutes, by Chapter 90-208, Laws of Florida, that statute had been interpreted as limiting a juvenile’s maximum term of community control or community service to the maximum term for which an adult could have been sentenced for the same offense. R.D. v. State, 564 So.2d 590 (Fla. 1st DCA 1990); M.G. v. State, 556 So.2d 820 (Fla. 5th DCA 1990); J.S. v. State, 552 So.2d 327, 328 (Fla. 1st DCA 1989); R.H. v. State, 549 So.2d 742, 743 (Fla. 2d DCA 1989).
The offense in the instant case was committed October 13, 1990. Section 39.-054, Florida Statutes (Supp.1990), effective October 1, 1990, replacing Section 39.11, Florida Statutes, however, provides in pertinent part:
39.054(4). Any commitment of a delinquent child to the department shall be for an indeterminate period of time, but the time shall not exceed the maximum term of imprisonment which an adult may serve for the same offense_ Notwithstanding the provisions of s. 743.07 and this subsection, and except as provided in s. 39.058 [serious or habitual juvenile offender], no child shall be held under a commitment from a court pursuant to this section after becoming 19 years of age.
39.054(l)(a)2. ... Community control programs for children shall be supervised by the department_ When supervision or a program of community service is ordered by the court, the duration of such supervision or program ... shall not exceed the term for which sentence could be imposed if the child were committed for the offense.
39.054(l)(a)5. Notwithstanding the provisions of s. 743.07 and subsection (b), and except as provided in s. 39.058, the term of any order placing a child in a community control program shall be until his nineteenth birthday unless he is sooner released by the court.... [emphasis added]
The new statute retains the requirement that the juvenile’s length of supervision or community service be limited to the maximum term for which the juvenile could have been committed, and hence to the maximum term for which an adult could have been sentenced. However, the new statute provides that, despite the limitation on terms of commitment, supervision, and community service, a term of community control must last through the juvenile’s nineteenth birthday, unless sooner terminated by the court. Therefore, commitment and community service are limited to the maximum adult term or to the date of the juvenile’s nineteenth birthday, whichever occurs first.
The record as originally submitted here erroneously indicated appellant’s offense was a misdemeanor and that the maximum *284 adult term for that offense would have expired prior to his nineteenth birthday. The corrected, record shows, in fact, appellant committed a third-degree felony. In view of this, appellant’s argument particularly lacks merit, since he will be nineteen prior to the expiration of the maximum adult term.
The trial court committed no error in failing to specify a duration for appellant’s term of community control, in that appellant’s term will last, by operation of Sections 39.054(4) and 39.054(l)(a)5, Florida Statutes, until appellant reaches age nineteen.
Accordingly, the judgment below is affirmed.
ERVIN, BOOTH and BARFIELD, JJ., concur.