632 So.2d 221 (1994)
D.V.S., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3026.
District Court of Appeal of Florida, Fifth District.
February 18, 1994.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carmen F. Corrente, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Chief Judge.
D.V.S. pled nolo contendere to the reduced offense of trespass, a second degree misdemeanor. The judge withheld adjudication and pursuant to section 39.053(2), disposed of the matter on a non-adjudicated basis. D.V.S. was placed on community control under *222 the supervision of H.R.S. for a period of six months. He appeals contending that the court erred in imposing a six-month period of community control when the maximum adult incarceration for trespass would have been sixty days.
D.V.S. relies on section 39.054(4) Florida Statutes which provides:
Any commitment of a delinquent child to the department shall be for an indeterminate period of time, but the time shall not exceed the maximum term of imprisonment which an adult may serve for the same offense ... (emphasis added.)
But it appears that a "placement" into community control is in "lieu of" (therefore distinguished from) "commitment to the custody of the department." Section 39.01(12), Fla. Stat. (1991). Therefore, even if section 39.054(4) were otherwise applicable, by its own terms it appears inapplicable to this case.
D.V.S. also relies on section 39.054(1) which provides that:
[W]hen supervision or a program of community service is ordered by the court, the duration of such supervision or program shall not exceed the term for which sentence could be imposed if the child were committed for the offense.
But this provision (as well as section 39.054(4) mentioned above) applies only when the court is dealing with "an adjudicated delinquent child." Section 39.054(1), Fla. Stat. Since D.V.S. was non-adjudicated, the provisions of 39.053 are applicable and the restrictions relating to "commitment" or comparisons with adult sanctions are not involved.[1]
We find the six-month term of community control is an appropriate sentence under section 39.053(2) and affirm.
AFFIRMED.
THOMPSON, J., concurs.
W. SHARP, J., concurs specially with opinion.
W. SHARP, Judge, concurring specially.
Sections 39.054 and 39.053, Florida Statutes (1991) are not as clear as one might wish regarding the maximum outside time limits to which a juvenile can be placed on community control whether he is adjudicated or not. I concur with the majority in this case, relying primarily on section 948.15 [adults can be placed on probation for six months for this type of crime]. However, it makes little sense for this statute to provide that a sanction (six months) is possible if adjudication is withheld, but only sixty days if the child is adjudicated.
If the Legislature intended to limit community control programs for juveniles to adult maximum prison terms for comparable crimes, it should make that intent clear and unambiguous. Reading all of sections 39.052, 39.053 and 39.054 together it is apparent that short time limits will make many of the community control programs, educational programs and community service alternatives provided for by sections 39.052, 39.053 and 39.054 impractical because most require far more time than sixty days for rehabilitation/treatment to have any appreciable effect. Such an interpretation, as is argued for by D.V.S. in this case, deprives juvenile judges of a great many of their statutory sentencing alternatives provided for in chapter 39 for less serious juvenile offenders, and (in effect) appears to defeat the purpose of those statutes.
NOTES
[1] A.R. v. State, 593 So.2d 1128 (Fla. 1st DCA 1992) and M.G. v. State, 556 So.2d 820 (Fla. 5th DCA 1990), are distinguishable in that those courts were dealing with adjudicated children. However, E.J. v. State, 595 So.2d 282 (Fla. 1st DCA 1992) appears to be in conflict. That court did not discuss the distinction between an adjudicated and a non-adjudicated delinquent child.