HARRIS, Chief Judge.
D.V.S. pled nolo contendere to the reduced offense of trespass, a second degree misdemeanor. The judge ivithheld adjudication and pursuant to section 39.053(2), disposed of the matter on a non-adjudicated basis. D.V.S. was placed on community control un *222 der the supervision of H.R.S. for a period of six months. He appeals contending that the court erred in imposing a six-month period of community control when the maximum adult incarceration for trespass would have been sixty days.
D.V.S. relies on section 39.054(4) Florida Statutes which provides:
Any commitment of a delinquent child to the department shall be for an indeterminate period of time, but the time shall not exceed the maximum term of imprisonment ivhich an adult may serve for the same offense ... (emphasis added.)
But it appears that a “placement” into community control is in “lieu of’ (therefore distinguished from) “commitment to the custody of the department.” Section 39.01(12), Fla.Stat. (1991). Therefore, even if section 39.054(4) were otherwise applicable, by its own terms 'it appears inapplicable to this case.
D.V.S. also relies on section 39.054(1) which provides that:
[W]hen supervision or a program of community service is ordered by the court, the duration of such supervision or program shall not exceed the term for which sentence could be imposed if the child were committed for the offense.
But this provision (as well as section 39.-054(4) mentioned above) applies' only when the court is dealing with “an adjudicated delinquent child.” Section 39.054(1), Fla. Stat. Since D.V.S. was non-adjudicated, the provisions of 39.058 are applicable and the restrictions relating to “commitment” or comparisons with adult sanctions are not involved.[1]
We find the six-month term of community control is an appropriate sentence under section 39.053(2) and affirm.
AFFIRMED.
THOMPSON, J., concurs.
W. SHARP, J., concurs specially with opinion.

. A.R. v. State, 593 So.2d 1128 (Fla. 1st DCA 1992) and M.G. v. State, 556 So.2d 820 (Fla. 5th DCA 1990), are distinguishable in that those courts were dealing with adjudicated children. However, E.J. v. State, 595 So.2d 282 (Fla. 1st DCA 1992) appears to be in conflict. That court did not discuss the distinction between an adjudicated and a non-adjudicated delinquent child.