PER CURIAM.
Appellant/juvenile was found guilty of trespass. The trial court deferred adjudication for a sixty day period and placed appellant under community control with the special condition that he obtain a psychological evaluation. Furthermore, the court set a curfew, advised appellant that he would have to attend school each and every day, and required that appellant perform fifty hours of community service. The community service hours could be worked off by attending counseling. A status conference was set in sixty-eight days to determine whether to adjudicate appellant delinquent on the charge. If appellant did well under community control the trial court would consider withholding adjudication. This appeal followed.
Appellant contends that the trial court erred in placing him on community control for an indeterminate amount of time. However, appellant fails to state why his sentence is for an indeterminate period of time. Appellant simply states that the indeterminate period must not exceed the maximum term of imprisonment which the child could receive if he or she were an adult. Appellee argues in opposition that, because the fifty hours of community service was to be worked off in counseling, the judge was simply giving appellant sixty days to complete the fifty hours.
Neither appellant’s nor appellee’s arguments are dispositive of the issue at hand. However, section 39.053(2), Florida Statutes (1993), establishes that the trial court’s order was proper. It provides:
If the court finds that the child named in the petition has committed a delinquent act or violation of law, it may, in its discretion, enter an order stating the facts upon which its finding is based but withholding adjudication of delinquency and placing the child in a community control program.... The court may, as a condition of the program, impose as a penalty component restitution in money or in kind, community service, a curfew, revocation or suspension of the driver’s license of the child, or other nonresidential punishment appropriate to the offense, and may impose as a rehabilitative component a requirement of participation in substance abuse treatment, or school or other educational program attendance. If the court later finds that the child has not complied with the rules, restrictions, or conditions of the community-based program, the court may, after a hearing to establish the lack of compliance, but without further evidence of the state of delinquency, enter an adjudication of delinquency and shall thereafter have full authority under this chapter to deal with the child as adjudicated.
*140 See also D.V.S. v. State, 632 So.2d 221 (Fla. 5th DCA 1994). We affirm.
DELL, C.J., and GLICKSTEIN and PARIENTE, JJ., concur.