WELLS, Justice.
We have for review T.R. v. State, 657 So.2d 58 (Fla. 4th DCA 1995), based on certified conflict with D.W.J. v. State, 397 So.2d 722 (Fla. 1st DCA 1981). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
After an adjudicatory hearing, T.R., a juvenile, was found to have committed a delinquent act by committing an aggravated battery. Thereafter, on May 17, 1994, the court committed the juvenile to the Department of Health and Rehabilitative Services (HRS) in a low-risk residential program. Five months later, the State moved to modify the order of commitment on the ground that the level imposed was not available for juveniles convicted of aggravated battery. A hearing on the motion was held, after which the judge granted the motion and committed the juvenile to a moderate-risk residential program.
The juvenile appealed the modification to the Fourth District Court of Appeal, claiming *271 that the court was without jurisdiction to modify this order. In support of this position, the juvenile relied on D.W.J. v. State, 397 So.2d 722 (Fla. 1st DCA 1981). In D.W.J., the First District Court of Appeal held that a court could only modify or set aside a juvenile commitment order within sixty days from the date the order was entered. Id. at 723. In reaching this conclusion, the court looked to section 39.11, Florida Statutes (1979). The district court noted that under section 39.11(l)(c), a court with jurisdiction over a delinquent child could have the child committed to HRS. Id. at 722-23. Subdivision (2) of the statute allowed the court to modify or set aside any order made pursuant to subdivision (1) without reference to any specific time limit.[1] However, applying principles of statutory construction, the court found that the time limit in subdivision (7),[2] which provided the trial court with a sixty-day window after the order was entered within which to suspend a commitment order and place the child on probation in a community control program, should apply to subdivision (2).
The Fourth District declined to follow the First District’s construction of section 39.054, Florida Statutes (1993), the current version of section 39.11, Florida Statutes (1979).[3] Instead, the court found that the sixty-day limitation only applied to the trial court’s power to suspend a commitment order and impose probation. T.R., 657 So.2d at 59. The district court reasoned that when the court changes the commitment order’s risk level because the originally imposed risk level is unavailable, the sixty-day provision is inapplicable and section 39.054(3) (formerly section 39.11(2)) governs. The district court then certified conflict with D.W.J.
To resolve this conflict, we give effect to the plain language of section 39.054. When interpreting a statute, we have previously stated:
It is axiomatic that all parts of a statute must be read together in order to achieve a consistent whole. See, e.g., Marshall v. Hollywood, Inc., 224 So.2d 743, 749 (Fla. 4th DCA 1969), writ discharged, 236 So.2d 114 (Fla.), cert. denied, 400 U.S. 964, 91 S.Ct. 366, 27 L.Ed.2d 384 (1970). Where possible, courts must give effect to all statutory provisions and construe related statutory provisions in harmony with one another. E.g., Villery v. Florida Parole & Probation Comm’n, 396 So.2d 1107, 1111 (Fla.1980).
Forsythe v. Longboat Key Beach Erosion Control District, 604 So.2d 452, 455 (Fla.1992); see also Kepner v. State, 577 So.2d 576, 578 (Fla.1991); D.B. v. State, 544 So.2d 1108, 1109-10 (Fla. 1st DCA 1989). Where the language of a statute is plain and unambiguous, there is no need for judicial interpretation. Forsythe at 454; see also Weber v. Dobbins, 616 So.2d 956, 958 (Fla.1993); Zuckerman v. Alter, 615 So.2d 661, 663 (Fla.1993).
Following these rules of statutory construction, we agree with the district court in this case. Section 39.054(1) empowers the trial court to determine an appropriate sanction and rehabilitative program for thé adjudicated delinquent child. Moreover, subdivision (3) allows the trial court to modify or set aside such an order without reference to any time limit. In contrast, subdivision (8), by its express language, gives the trial court sixty days after imposition of a disposition of commitment to suspend further execution of the disposition and to place the child on probation in a community control program. Since the trial court here was modifying an order entered pursuant to subdivision (1), the sixty-day time limit in subdivision (8) was simply not applicable.
*272 T.R. contends that our recent decision in State v. M.C., 666 So.2d 877 (Fla.1995), supports his position; however, M.C. does not apply. In M.C., we confronted the issue of whether a trial court could enter an order more than sixty days after the sentence was imposed, which for the first time would require a juvenile to pay restitution. However, we specifically distinguish that issue from the issue here: the modification of a sentence under section 39.054(3). See id. at 878 n. 1. In the case at bar, the trial court was not imposing a sentence for the first time but was modifying a sentence already imposed.
Accordingly, we approve the decision below and disapprove D.W.J.[4],
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES and HARDING, JJ., concur.
ANSTEAD, J., concurs in result only.

. Section 39.11(2), Florida Statutes (1979), provided that ‘‘[a]ny order made pursuant to subsection (1) may thereafter be modified or set aside by the court."

. In pertinent part, section 39.11(7), Florida Statutes (1979), provided:
The court upon motion of the child, or upon its own motion, may within 60 days after imposition of a disposition of commitment suspend the further execution of the disposition and place the child on probation in a community control program upon such terms as the court may require.

.Section 39.11 was repealed by chapter 90-208, Laws of Florida. In the same act, the legislature enacted section 39.054.

. We decline to address the other issue raised by the parties.