688 So.2d 1027 (1997)
G.R.A., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-874.
District Court of Appeal of Florida, Fifth District.
March 7, 1997.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and E. Paul Stanley, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
G.R.A. appeals an order of disposition which withheld adjudication on three separate charges and placed G.R.A. on community control for one year. G.R.A. contends that the trial court erred when it used a single disposition order for the three separate offenses, and when it imposed community control for one year for disorderly conduct. We vacate the disposition order.
G.R.A. had two cases pending before the trial court: JU 95-8665 and JU 95-9209. The petition in JU 95-8665 charged G.R.A. with disorderly conduct, a misdemeanor of the second degree.[1] The petition in JU 95-9209 charged G.R.A. with possession of cannabis[2] and resisting an officer without violence,[3] both misdemeanors of the first degree. The trial court conducted an adjudicatory hearing in the disorderly conduct case and found G.R.A. committed the offense. G.R.A. entered a plea of no contest to possession of cannabis and pled guilty to resisting an officer without violence. At the disposition hearing, the trial court withheld adjudication of delinquency as to each charge and placed G.R.A. on community control for one year. The single disposition order does not indicate whether the dispositions are to run concurrently or consecutively.
*1028 G.R.A. argues that this court has consistently held that where multiple offenses constitute the basis for a delinquency adjudication, separate disposition orders for each offense must be used. M.L.B. v. State, 673 So.2d 582 (Fla. 5th DCA 1996); D.D.M. v. State, 662 So.2d 384 (Fla. 5th DCA 1995); T.A.R. v. State, 640 So.2d 222 (Fla. 5th DCA 1994). The basis for these holdings is that the court creates a general sentence when one disposition order is used. Dorfman v. State, 351 So.2d 954 (Fla.1977). Although there is no case law imposing the same requirement where adjudication is withheld, we determine the policy should be the same. Thus the trial court erred in using a single disposition order. The court should have used separate disposition orders for the two cases, specified the term of community control for each offense and indicated whether the terms are to run consecutively or concurrently.
G.R.A. next argues that the one year period of community control exceeds the 60-day maximum permissible sentence for an adult guilty of disorderly conduct, a second degree misdemeanor.[4] Section 39.054(1)(a)1, Florida Statutes (1995), provides, in pertinent part:
If supervision or a program of community service is ordered by the court, the duration of such supervision or program ... may not exceed the term for which sentence could be imposed if the child were committed for the offense, except that the duration of such supervision or program for an offense that is a misdemeanor of the second degree, ... may be for a period not to exceed 6 months. (emphasis added)
The term of commitment for a delinquent child "shall not exceed the maximum term of imprisonment which an adult may serve for the same offense." § 39.054(4), Fla. Stat. (1995). While section 39.054 specifies the disposition powers of a trial court when it has jurisdiction over an adjudicated delinquent child, D.V.S. v. State, 632 So.2d 221 (Fla. 5th DCA 1994), there is no corresponding statute governing a court's disposition powers when adjudication is withheld. But cf. E.J. v. State, 595 So.2d 282, 283 (Fla. 1st DCA 1992) (holding, in case where adjudication was withheld, that under subsection 39.054(1)(a) period of community control is "limited to the maximum adult term or to the date of the juvenile's nineteenth birthday, whichever occurs first.")
In this case, the trial court withheld adjudication. Therefore, the limitations on the period of community control set forth in section 39.054(1)(a)1 do not apply. D.V.S.[5] Nonetheless, the court should not be able to impose a penalty harsher than that permitted if G.R.A. were adjudicated delinquent or if G.R.A. were an adult offender. Section 39.054(1)(a)1 permits the court to place a child adjudicated delinquent on a second degree misdemeanor, or its equivalent, on community control for up to six months. Similarly, the maximum probationary period for an adult found guilty of a second degree misdemeanor, whether or not the court withholds adjudication, is six months. Smith v. State, 484 So.2d 581 (Fla.1986); § 984.15(1), Fla. Stat. (1995). The one-year period imposed on G.R.A. for disorderly conduct should therefore be reduced to a period not to exceed six months. The two other offenses for which G.R.A. was placed on community control, possession of cannabis and resisting an officer without violence, are first degree misdemeanors carrying a maximum one year term of incarceration.[6] Thus, for those offenses the one year term of community control, which will expire before G.R.A.'s nineteenth birthday, is not excessive.
Accordingly, we vacate the single disposition order and remand to the trial court to use separate disposition orders and specify the sanction for each offense. The lower *1029 court must also reduce the duration of community control for the disorderly conduct charge from one year to a maximum of six months, but may reimpose one year terms for the first degree misdemeanors.
DISPOSITIONS VACATED and MATTER REMANDED.
COBB and W. SHARP, JJ., concur.
NOTES
[1] § 877.03, Fla. Stat. (1995).
[2] § 893.13(6), Fla.Stat. (1995).
[3] § 843.02, Fla. Stat. (1995).
[4] § 775.082(4)(b), Fla. Stat. (1995).
[5] In D.V.S., this Court construed section 39.054(1), Florida Statutes (1993), which limited the duration of community control to the term of adult incarceration for the particular offense. The offense in that case was trespass, a second degree misdemeanor with a 60-day jail term. D.V.S., 632 So.2d at 221. However, in 1994, the statute was revised to allow six months of community control for second degree misdemeanors. Ch. 94-209, Laws of Fla. The revision took effect 1 October 1994.
[6] § 775.082(4)(a), Fla. Stat. (1995).