693 So.2d 1066 (1997)
M. B., child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3232.
District Court of Appeal of Florida, Fourth District.
May 14, 1997.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joan Fowler, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
After a bench trial, appellant M.B., was found guilty of one count of battery. The court withheld adjudication, placed him on community control under HRS supervision for an indeterminate period, and ordered him to perform thirty hours of community service. M.B. appeals, asserting that the court cannot impose community control and participation in a community service program for a term which exceeds the maximum term for the underlying offense. See A.R. v. State, 593 So.2d 1128 (Fla. 1st DCA 1992).
Section 39.054(1)(a)1, Florida Statutes (1993), provides:
If supervision or a program of community service is ordered by the court, the duration of such supervision or program must be consistent with any treatment and rehabilitation needs identified for the child and may not exceed the term for which sentence could be imposed if the child were committed for the offense....
In addition, section 39.054(4), Florida Statutes (1993), provides:
Any commitment of a delinquent child to the [Department of Juvenile Justice] shall be for an indeterminate period of time, but the time shall not exceed the maximum term of imprisonment which an adult may serve for the same offense.
These sections of chapter 39 are applicable only when the court is dealing with a child *1067 who has been adjudicated delinquent. See § 39.054(1), Fla. Stat. (1993). In this case, M.B. was not "adjudicated" for purposes of the statute. His case therefore falls under the provisions of section 39.053, Florida Statutes; thus, the restrictions relating to commitment or comparisons to adult sanctions are not involved. D.V.S. v. State, 632 So.2d 221 (Fla. 5th DCA 1994).
We find that, in light of the withhold of adjudication, the court's sentence of community control with HRS supervision for an indeterminate period and the requirement of the performance of thirty hours of community service is an appropriate sentence, and affirm.
AFFIRMED.
WARNER and POLEN, JJ., concur.