PER CURIAM.
The defendant, M.J.P., was charged with simple battery and was adjudicated delinquent after a hearing. The Department of Juvenile Justice (DJJ) subsequently issued a predisposition report (PDR) recommending a sentence of community control. However, the trial court decided to depart from this recommendation and imposed a moderate risk commitment. The court stated in its order that the moderate risk commitment was to last until M.J.P. “is legally discharged therefrom, provided such commitment shall not extend beyond [hisjnineteenth birthday.” The court further ordered that, after his release from moderate risk placement, M.J.P. was to be placed on post-commitment community control. Neither the order nor the transcript of the sentencing hearing indicates the length of the commitment imposed.
M.J.P. appeals the trial court’s imposition of a higher risk level than that recommended without securing another recommendation by DJJ as to commitment level. He also appeals the indeterminate length of the sentence imposed.
The trial court should have obtained a second recommendation from DJJ as to restrictiveness level once it rejected the original recommendation of community *267 control. This Court has repeatedly held that section 39.052(4)(e), Florida Statutes requires the trial court to receive and consider a further recommendation from DJJ before ordering commitment when it rejects the department’s first recommendation. See S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996); K.Y.L. and N.L. v. State, 685 So.2d 1380 (Fla. 1st DCA 1997); O.M. v. State, 689 So.2d 1265 (Fla. 1st DCA 1997).
The state argues that this issue was not preserved for appeal and that section 924.051, Florida Statutes (Supp.1996) applies to juveniles. However, this Court has already rejected that argument in J.M.J. v. State, 742 So.2d 261 (Fla. 1st DCA 1997), as well as in R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA 1997). Therefore, we must reverse as to this issue.
The trial court also erred in committing the appellant to DJJ for an indefinite period of time. M.J.P. was adjudicated delinquent for simple battery in violation of section 775.082(4)(a), Florida Statutes (1995). This crime carries a maximum allowable sentence of one year. See section 784.03, Florida Statutes (1995). In a recent and factually similar case, M.S. v. State, 675 So.2d 215 (Fla. 4th DCA 1996), the trial court adjudicated a juvenile delinquent for simple battery and committed him to a level 8 program for “an indeterminate period of time, not longer than: a) nineteenth birthday; b) the maximum sentence allowable by law....” The Fourth District reversed, pointing out that such an order could be construed as running until the juvenile’s nineteenth birthday. Id. at 216.
Similarly, in the instant case, reversal of the indefinite sentence is required. Because M.J.P. was only fourteen years old at the time of his commitment, the sentence as imposed could be construed as running until the juvenile’s nineteenth birthday, which would exceed the one-year statutory maximum sentence for simple battery under section 784.03, Florida Statutes (1995). Id.; see also T.G. v. State, 677 So.2d 957 (Fla. 2d DCA 1996).
The state argues that section 924.051, Florida Statutes (Supp.1996) also applies to this issue. Because the appellant did not raise this issue below via a motion to withdraw his plea and did not file a motion to correct a sentencing error, the state maintains that he has failed to preserve this issue for review. However, this Court recently pointed out in J.M.J. v. State that
applying section 924.051 [to juvenile proceedings] will result in depriving the juvenile of any opportunity to correct the trial court’s error because there is no procedure applicable to juvenile delinquency proceedings which is similar to that created by the supreme court when it amended Florida Rule of Criminal Procedure 3.800(b) to permit motions to correct sentencing errors, Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374 (Fla.1996); nor is there any procedure for collateral review in juvenile delinquency proceedings which is similar to that afforded to adults convicted of crimes by Florida Rule of Criminal Procedure 3.850. Thus, juveniles who wish to challenge the terms of a disposition order will be left without any means to do so. It seems to us that such a result would pose serious constitutional problems. Depriving a juvenile of the right to review in such a case might well run afoul of article V, section 4(b), of the Florida Constitution. See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996) (the right to appeal is guaranteed by article V, section 4(b), of the Florida Constitution). In addition, it seems to us that such a result would raise serious questions under the due process and equal protection *268 clauses of both the state and federal constitutions.
Therefore, we find that chapter 924 does not preclude review of either of the issues raised herein. As in RAM. and we certify the following question to the supreme court as one of great public importance:
DOES SECTION 924.051(4), FLORIDA STATUTES (SUPP.1996), APPLY IN JUVENILE DELINQUENCY PROCEEDINGS?
We reverse the commitment imposed for the reasons stated above and remand to the trial court for further proceedings. On remand, the trial court must obtain a further recommendation from DJJ as to commitment level for M.J.P. It must also designate the definite length of the sentence, which must not exceed one year. See M.S. and T.G.; see also C.P. v. State, 674 So.2d 183 (Fla. 2d DCA 1996).
Reversed and remanded.
WEBSTER, LAWRENCE and PADOVANO, JJ., concur.