PER CURIAM.
In this juvenile delinquency proceeding, appellant seeks review of an order of commitment entered following a guilty plea. He argues that the trial court committed reversible error when it failed to obtain a recommendation regarding restrictiveness level from the Department of Juvenile Justice after it rejected the Department’s recommendation of community control. We have repeatedly held that juveniles making such a claim on appeal are entitled to relief. E. g., M.J.P. v. State, 22 Fla. L. Weekly D2090, — So.2d -, 1997 WL 536011 (Fla. 1st DCA Sept.3, 1997), review pending, No. 91,406 (Fla. Sept. 17, 1997); A.L. v. State, 22 Fla. L. Weekly D1834, — So.2d -, 1997 WL 423087 (Fla. 1st DCA July 29, 1997), review pending, No. 91,129 (Fla. July 31, 1997); J.P.M. v. State, 688 So.2d 458 (Fla. 1st DCA 1997); S.R v. State, 683 So.2d 576 (Fla. 1st DCA 1996).
The state responds that appellant is precluded from raising this issue because he failed to comply with section 924.051(4), Florida Statutes (Supp.1996). We have repeatedly rejected this argument. E. g., J.M.J. v. State, 22 Fla. L. Weekly D1673, — So.2d - (Fla. 1st DCA July 7, 1997), review granted, 698 So.2d 1225 (Fla.1997); R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA 1997), review granted, 698 So.2d 1225 (Fla.1997); T.M.B. v. State, 689 So.2d 1215 (Fla. 1st DCA 1997), review granted, 698 So.2d 1225 (Fla.1997). We again reject the argument. *630 However, as in J.M.J. and R.A.M., we certify the following question to the supreme court, as one of great public importance:
DOES SECTION 924.051(4), FLORIDA STATUTES (SUPP.1996), APPLY IN JUVENILE DELINQUENCY PROCEEDINGS?
The order of commitment is reversed, and the case is remanded to the trial court with directions to hold a new disposition hearing.
REVERSED and REMANDED, with directions.
ALLEN and WEBSTER, JJ., concur.
MINER, J., concurs in result.