PETERSON, Judge.
A.H.D, a child, asserts that the trial court erred when it did not request a juvenile justice recommendation on a restrictiveness level after rejecting the community control recommendation.
We affirm, and adopt the interpretation of the second district of section 39.052(4)(e)(2), Florida Statutes (1995):
We do not believe the statute requires the court, once it has already rejected the Department’s non-commitment recommendation to then ask the Department for a second recommendation. A request for a second recommendation would seem particularly unnecessary in view of section 39.052(4)(e)(3), Florida Statutes (1995), the next paragraph of the statute, which allows the court to reject the Department’s restrictiveness level recommendation provided that the court state for the record the reasons for its deviation from the Department’s recommendation.
D.L.B. v. State, 707 So.2d 844 (Fla. 2d DCA), rev. granted, 717 So.2d 530 (Fla.1998). In doing so, we certify conflict with the first district’s position in B.D.W. v. State, 701 So.2d 629 (Fla. 1st DCA 1997), approved on other grounds, 717 So.2d 460 (Fla.1998); R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA), approved on other grounds sub nom., State v. T.M.B., 716 So.2d 269 (Fla.1998).
AFFIRMED.
DAUKSCH and HARRIS, JJ., concur.