SHAW, Justice.
We have for review D.L.B. v. State, 707 So.2d 844 (Fla. 2d DCA 1998), based on conflict with E.D.P. v. State, 23 Fla. L. Weekly D348, — So.2d -, 1998 WL 25483 (Fla. 1st DCA Jan.27, 1998), and other cases.[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve D.L.B.
D.L.B. was found to be delinquent under the affray statute[2] and the Department of Juvenile Justice recommended community control. The trial court rejected the department’s recommendation and imposed a level-six restrictiveness commitment without remanding the case to the department for an alternative recommendation. The district court stated:
We do not believe the statute requires the court, once it has already rejected the Department’s non-commitment recommendation, to then ask the Department for a second recommendation. A request for a second recommendation would seem particularly unnecessary in view of section 39.052(4)(e)3., Florida Statutes (1995), the next paragraph of the statute, which allows the court to reject the Department’s restrictions level recommendation provided the court state for the record the reasons for its deviation from the Department’s recommendation. For these reasons we find ourselves in conflict with the First District in finding no error in the court’s refusal to request a second recommendation from the Department.
D.L.B., 707 So.2d at 845.
The same issue was certified to us by the First District Court of Appeal in E.D.P.:
Does the trial judge, acting after a disposition hearing and based on specific reasons, have the authority to reject the department’s community control recommendation without remanding the case to the Department for an alternative recommendation?
We answered the certified question in the affirmative. State v. E.D.P., No. 92,345, — So.2d - (Fla. Oct. 8, 1998). In accordance with our decision in E.D.P., we approve D.L.B. and disapprove R.A.M., J.P.M., and S.R. to the extent they are inconsistent with E.D.P.
It is so ordered.
HARDING, C.J., and OVERTON and WELLS, JJ., concur.
KOGAN, ANSTEAD and PARIENTE, JJ., dissent.

. R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA) review granted, 698 So.2d 1225 (Fla. 1997); J.P.M. v. State, 688 So.2d 458 (Fla. 1st DCA 1997); S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996).

. § 870.01(1), Fla. Stat. (1995)(public fight or brawl is a first-degree misdemeanor).