PER CURIAM.
Appellant was adjudicated delinquent for committing a burglary of a dwelling and petit theft. We affirm that portion of the adjudication order deviating from the recommended commitment level and placing appellant at a moderate risk commitment level. Section 985.23(3)(c), Florida Statutes (1997) provides that the court can commit the child at the restrictiveness level identified by the Department of Juvenile Justice or “may order placement at a different restrictiveness level.” It requires the court to “state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.” § 985.23(3)(c), Fla. Stat. (1997). The trial court adequately stated its reasons in the record.
The disposition order is erroneous. The order commits appellant to the custody of the Department of Juvenile Justice for “an indeterminate term not to exceed the child’s nineteenth birthday or the max *340 imum allowed by law, commitment as to Count 2 to run concurrently with commitment as to Count 1.” A juvenile’s commitment is limited to the maximum adult term or to the date of the juvenile’s nineteenth birthday, whichever occurs first. M.J.P. v. State, 22 Fla. L. Weekly D2090, — So.2d -, 1997 WL 536011 (Fla. 1st DCA Sept. 3, 1997), aff'd, 23 Fla. L. Weekly S192, 717 So.2d 459 (Fla. 1998); M.S. v. State, 675 So.2d 215 (Fla. 4th DCA 1996); E.J. v. State, 595 So.2d 282 (Fla. 1st DCA 1992). We reverse and remand for the order to be so corrected.
AFFIRMED in part, REVERSED in part.
ERVIN, MINER, and KAHN, JJ., concur.