731 So.2d 1255 (1999)
STATE of Florida, Petitioner,
v.
J.P.C., a child, Respondent.
No. 93,444.
Supreme Court of Florida.
March 18, 1999.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Kristina White, Assistant Attorney General, Tallahassee, Florida, for Petitioner.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Chief, Appellate Intake Division, *1256 Second Judicial Circuit, Tallahassee, Florida, for Respondent.
PER CURIAM.
We have for review J.P.C. v. State, 712 So.2d 1229 (Fla. 1st DCA 1998), based on conflict with D.L.B. v. State, 707 So.2d 844 (Fla. 2d DCA 1998). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash J.P.C.
J.P.C. pled nolo contendere to a charge of throwing a deadly missile (a rock) into a moving vehicle, and the Department of Juvenile Justice recommended community control. The trial court rejected the Department's recommendation and committed him to the custody of the Department in low-risk placement. The First District held that under section 39.052(4)(e)2, Florida Statutes (Supp.1996), the trial court erred in imposing low-risk commitment without first seeking a second recommendation from the Department. J.P.C., 712 So.2d at 1231. In so holding, the First District recognized that "[i]n D.L.B. v. State, 707 So.2d 844 (Fla. 2d DCA 1998), the Second District ... concluded [that] the statute does not require the trial court to ask for a second recommendation once it has rejected the Department's non-commitment recommendation." J.P.C., 712 So.2d at 1231.
On October 8, 1998, this Court approved the Second District's D.L.B. decision. See D.L.B. v. State, 720 So.2d 202 (Fla.1998). In so doing, we explained that the same issue was certified to us as a question of great public importance by the First District in E.D.P. v. State, 728 So.2d 1173 (Fla. 1st DCA 1998), quashed, 23 Fla. L. Weekly S524, 724 So.2d 1144 (Fla.1998):
DOES THE TRIAL JUDGE, ACTING AFTER A DISPOSITION HEARING AND BASED ON SPECIFIC REASONS, HAVE AUTHORITY TO REJECT THE DEPARTMENT'S COMMUNITY CONTROL RECOMMENDATION WITHOUT REMANDING THE CASE TO THE DEPARTMENT FOR AN ALTERNATIVE RECOMMENDATION?
In E.D.P., we answered the certified question in the affirmative. State v. E.D.P., 724 So.2d 1144, 23 Fla. L. Weekly S524 (Fla.1998). In accordance with our decisions in D.L.B. and E.D.P., we quash J.P.C.[1]
It is so ordered.
HARDING, C.J., and SHAW, WELLS, LEWIS and QUINCE, JJ., concur.
PARIENTE, J., concurs with an opinion, in which ANSTEAD, J., concurs.
PARIENTE, J., concurring.
I concur in the result because we are bound by our decision in State v. E.D.P., 23 Fla. L. Weekly S524, 724 So.2d 1144 (Fla.1998). However, I continue to agree with Justice Anstead's well-reasoned dissent in E.D.P.
ANSTEAD, J., concurs.
NOTES
[1] We disapprove of the precedents upon which the First District relied in J.P.C.: O.M. v. State, 689 So.2d 1265 (Fla. 1st DCA 1997), and K.Y.L. v. State, 685 So.2d 1380 (Fla. 1st DCA 1997), to the extent they are inconsistent with E.D.P. This Court disapproved J.P.M. v. State, 688 So.2d 458 (Fla. 1st DCA 1997), and S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996), on the same basis. D.L.B. v. State, 720 So.2d 202 (Fla.1998). We quashed L.R.J. v. State, 706 So.2d 72 (Fla. 1st DCA 1998), for the same reason. State v. L.R.J., 720 So.2d 212 (Fla.1998).