PER CURIAM.
We have for review A.H.D. v. State, 715 So.2d 1145 (Fla. 5th DCA 1998), based on conflict with B.D.W. v. State, 701 So.2d 629 (Fla. 1st DCA 1997), approved on other grounds, 717 So.2d 460 (Fla.1998), and R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA 1997), approved on other grounds sub nom., State v. T.M.B., 716 So.2d 269 (Fla. 1998). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve A.H.D.
The issue raised in the instant conflict is the same issue that was presented to this Court in State v. E.D.P., 724 So.2d 1144, 23 Fla. L. Weekly S524 (Fla.1998), wherein we addressed the following certified question of great public importance:
DOES THE TRIAL JUDGE, ACTING AFTER A DISPOSITION HEARING AND BASED ON SPECIFIC REASONS, HAVE AUTHORITY TO REJECT THE DEPARTMENT [OF JUVENILE JUSTICES COMMUNITY CONTROL RECOMMENDATION WITHOUT REMANDING THE CASE TO THE DEPARTMENT FOR AN ALTERNATIVE RECOMMENDATION?
We answered the question in the affirmative. Id.
In accordance with our decision in E.D.P., we approve A.H.D. and disapprove B.D.W. to the extent it is inconsistent with E.D.P. On October 8, 1998, this Court disapproved R.A.M.-the second conflict case-to the extent it is inconsistent with E.D.P. See D.L.B v. State, 720 So.2d 202 (Fla.1998).
It is so ordered.
HARDING, C.J., and SHAW, WELLS, LEWIS and QUINCE, JJ., concur.
PARIENTE, J., concurs with an opinion, in which ANSTEAD, J., concurs.