746 So.2d 1245 (1999)
N.B., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1619.
District Court of Appeal of Florida, First District.
December 29, 1999.
*1246 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Laura Fullerton Lopez, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
This is an appeal of a juvenile disposition order in which the trial court included a second-degree misdemeanor with three third-degree felonies in the same order without specifying that the maximum allowable term for the second-degree misdemeanor is 60 days. The State concedes that this constitutes error. T.B. v. State, 732 So.2d 1163 (Fla. 1st DCA 1999) (State properly conceded trial court's error in including second-degree misdemeanor with third-degree felonies in one juvenile disposition order, especially where different offenses carried different statutory maximum terms of commitment; order was vacated and case remanded with instructions to enter separate orders for each offense and to specify term of commitment for misdemeanor offense); M.C.P. v. State, 732 So.2d 339 (Fla. 1st DCA 1998); A.F. v. State, 718 So.2d 260 (Fla. 1st DCA 1998); T.G. v. State, 677 So.2d 957 (Fla. 2d DCA 1996); M.S. v. State, 675 So.2d 215 (Fla. 4th DCA 1996); C.P. v. State, 674 So.2d 183 (Fla. 2d DCA 1996).
We AFFIRM the adjudication of delinquency, VACATE the order, and REMAND for clarification and issuance of separate disposition orders for each offense in compliance with the procedure set forth in T.B., 732 So.2d at 1167. The appellant need not be present for these purely ministerial corrective acts. Id.
ALLEN, WEBSTER and BROWNING, JJ., CONCUR.