767 So.2d 446 (2000)
N.W., a child, Petitioner,
v.
STATE of Florida, Respondent.
No. SC95882.
Supreme Court of Florida.
September 7, 2000.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Tenth Judicial Circuit, Bartow, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, and Angela D. McCravy and Diana K. Bock, Assistant Attorneys General, Tampa, Florida, for Respondent.
PER CURIAM.
We have for review N.W. v. State, 736 So.2d 710 (Fla. 2d DCA 1999), based on certified conflict with G.R.A. v. State, 688 So.2d 1027 (Fla. 5th DCA 1997), on the issue of whether the time limitations imposed by section 39.054(1), Florida Statutes (1995), relating to juveniles who are adjudicated delinquent, are, or should be, equally applicable to juveniles who have had adjudication withheld. We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. For the reasons detailed below, we conclude that the time limitations set forth in section 39.054(1) are only applicable upon adjudication. While the result of this statutory application may seem questionable on occasion, the statutory words are clear. Thus, we approve the Second District's decision in N.W. and disapprove the Fifth District's decision in G.R.A.

FACTS
On November 12, 1996, the State of Florida filed a petition charging N.W. with disruption of a school function, in violation of section 877.13, Florida Statutes (1995), a second-degree misdemeanor. N.W. waived his right to counsel and entered a guilty plea on December 13, 1996. He was ordered to abide by the rules and curfew established by his parents; attend school on a daily basis; remain on the honor roll; and write a letter of apology to the principal.[1] At that time, adjudication was withheld.
Subsequent to this disposition, N.W. was before the court on several charges of indirect criminal contempt stemming from alleged violations of the terms and conditions imposed in connection with the original charge. The first instance was on April 15, 1997, when N.W. pled guilty to contempt of court, and the juvenile judge placed him in secure detention for five days. Less than one month later, on May 6, 1997, the court again found N.W. in contempt of court for violating the terms of his disposition order, and ordered him to secure detention for fifteen days. Yet *447 again, on May 28, 1997, N.W. pled guilty to contempt of court, and was ordered to fifteen days in secure detention. On this occasion, however, he was adjudicated delinquent through an order dated June 2, 1997. At the disposition hearing on June 11, 1997, N.W. was ordered to remain on community control for a period of six months.
On August 26, 1997, a formal petition alleging a violation of community control was filed. The court placed N.W. in secure detention on September 1, 1997. The next day, at the detention hearing, after admitting guilt, he was found in contempt of court and sentenced to fifteen days' secure detention. At that time, an assistant public defender raised the issue of whether the court had jurisdiction to enter a disposition on this violation. Defense counsel argued that the six months of community control imposed on June 11, 1997, necessarily related back to the original charge addressed on December 13, 1996, and extended only into June of 1997. Thus, counsel reasoned that the juvenile court lacked jurisdiction to dispose of the August 26, 1997 petition. Counsel's argument was premised on section 39.054(1)(a)1, which limits the time period of supervision or community service program to a maximum of six months for a child adjudicated delinquent of a second-degree misdemeanor. The State, on the other hand, maintained that the six-month limitation period commenced in June of 1997, when N.W. was adjudicated delinquent, and, therefore, the court retained jurisdiction over the juvenile until December of 1997. The juvenile court judge reserved ruling to review the case law and released N.W. from secure detention. At a second status check a few days later, N.W's attorney filed a motion to dismiss based on lack of jurisdiction. After conducting a hearing, the judge denied the motion and ordered N.W. to remain on community control until December of 1997. N.W. sought review of this determination.
On appeal, the Second District affirmed the lower court's ruling. In so doing, the court relied on its own decision in M.G. v. State, 696 So.2d 1340 (Fla. 2d DCA 1997), and the Fourth District's decision in M.B. v. State, 693 So.2d 1066 (Fla. 4th DCA 1997). Both of these cases stand for the proposition that the limitations on supervision set forth in section 39.054(1)(a)1 apply only to juveniles who have been adjudicated delinquent. In the present case, the district court reasoned that because N.W. was not adjudicated delinquent until June of 1997, the six-month limitation on his supervision did not expire until December of 1997. Thus, the district court concluded that the trial court properly exercised jurisdiction over the August 26, 1997, petition alleging a violation of community control.
Nonetheless, the Second District echoed the trial court in noting that its decision was in conflict with G.R.A., 688 So.2d at 1028 (finding that even when adjudication is withheld, the court should not be able to impose a penalty that is more harsh than that permitted if the juvenile were adjudicated delinquent or were an adult offender). As a result, the Second District certified conflict with the Fifth District's decision in G.R.A.[2]

ANALYSIS
The juvenile delinquency proceedings below were governed by chapter 39 of the Florida Statutes.[3] Under the pertinent statutes, when a court finds that a juvenile *448 has committed a delinquent act it may proceed to either: (1) withhold adjudication pursuant to section 39.053(2);[4] or (2) adjudicate the juvenile delinquent and proceed under section 39.054(1).[5]
Section 39.054 provides in pertinent part:
39.054 Powers of disposition.
(1) The court that has jurisdiction of an adjudicated delinquent child may...:
(a) Place the child in a community control program....
1.... If supervision or a program of community service is ordered by the court, the duration of such supervision or program ... may not exceed the term for which sentence could be imposed if the child were committed for the offense, except that the duration of such supervision or program for an offense that is a misdemeanor of the second degree, or is equivalent to a misdemeanor of the second degree, may be for a period not to exceed 6 months....
. . . .
(4) Any commitment of a delinquent child to the Department of Juvenile Justice must be for an indeterminate period of time, which may include temporary release, but the time may not exceed the maximum term of imprisonment that an adult may serve for the same offense.
(Emphasis supplied.) Thus, reading these two subsections together, an adjudicated juvenile may not be placed under supervision for a period longer than the period for which an adult could be imprisoned if found guilty of the same offense. The further limitation provides that if the offense is a second-degree misdemeanor, as in the present case, the period of supervision may not exceed six months.[6]
Section 39.054(1) could not be written more clearly. It doubtlessly delineates the powers of disposition to be followed by a "court that has jurisdiction of an adjudicated delinquent child." (Emphasis supplied.) See also T.R. v. State, 677 So.2d 270, 271 (Fla.1996)(noting that section 39.054(1) "empowers the trial court to determine an appropriate sanction and rehabilitative program for the adjudicated delinquent child"). Moreover, nothing in the legislative history of this section suggests an intent that it govern instances where adjudication is withheld. Despite the clear wording of section 39.054(1), Florida case law is split on the issue of whether that section also applies to juveniles who have received a withhold of adjudication.
In M.B., the trial judge found M.B. guilty of battery, withheld adjudication, and placed him on community control for an indeterminate period of time. On appeal, M.B. argued that an indeterminate period of community control exceeded the maximum term permitted under section 39.054(1)(a)1. The Fourth District upheld the indeterminate period of community control. See 693 So.2d at 1067. In so doing, it reasoned that sections 39.054(1) and 39.054(4) "are applicable only when the court is dealing with a child who has been adjudicated delinquent.... [T]hus, the restrictions relating to commitment or comparisons to adult sanctions are not involved." Id. at 1066-67; accord M.G., 696 So.2d at 1341.
In a similar manner, the Fifth District at one point also recognized the distinction that section 39.054(1) only applies to juveniles who have been adjudicated delinquent. For example, in D.V.S. v. State, 632 So.2d 221 (Fla. 5th DCA 1994), just as in N.W., a juvenile was found guilty of a second-degree misdemeanor. The court withheld adjudication and placed D.V.S. on community control for six months. D.V.S. challenged his six-month community control *449 disposition, arguing that under section 39.054(1)(a)1 and section 39.054(4), the maximum period of time he could be placed on community control was sixty days (i.e., the maximum period of imprisonment that an adult could serve for the same offense).[7] The district court proceeded to make the specific distinction that section 39.054(1) "applies only when the court is dealing with `an adjudicated delinquent child.' Since D.V.S. was non-adjudicated, the provisions of 39.053 are applicable and the restrictions relating to `commitment' or comparisons with adult sanction are not involved." Id. at 222 (citation omitted). As a result, it upheld the six-month term of community control under section 39.053. See id.
In G.R.A., however, the Fifth District receded from D.V.S. G.R.A. was found guilty of a second-degree misdemeanor. The juvenile court withheld adjudication and the juvenile was placed on community control for a period of one year. G.R.A. argued that the one-year term of community control exceeded the time limitations set out in section 39.054(1)(a)1. Despite its recognition that the time limitations set forth in section 39.054(1) do not apply to a juvenile who has had adjudication withheld, the district court stated that "[n]onetheless, the court should not be able to impose a penalty harsher than that permitted if G.R.A. were adjudicated delinquent or if G.R.A. were an adult offender." 688 So.2d at 1028; see also E.J. v. State, 595 So.2d 282 (Fla. 1st DCA 1992) (applying section 39.054(1) in a case where adjudication was withheld). Thus, it reduced G.R.A.'s community control on the second-degree misdemeanor to six months, pursuant to section 39.054(1)(a)1. See 688 So.2d at 1029.
In its opinion in G.R.A., the Fifth District noted that, "[w]hile section 39.054 specifies the disposition powers of a trial court when it has jurisdiction over an adjudicated delinquent child, there is no corresponding statute governing a court's disposition powers when adjudication is withheld." Id. at 1028 (citation omitted). This view seems to overlook other statutory provisions. For example, section 39.053(2) reads in pertinent part:
If the court finds that the child named in the petition has committed a delinquent act or violation of law, it may, in its discretion, enter an order stating the facts upon which its finding is based but withholding adjudication of delinquency and placing the child in a community control program under the supervision of the department or under the supervision of any other person or agency specifically authorized and appointed by the court. The court may, as a condition of the program, impose as a penalty component restitution in money or in kind, community service, a curfew, urine monitoring, revocation or suspension of the driver's license of the child, or other nonresidential punishment appropriate to the offense, and may impose as a rehabilitative component a requirement of participation is substance abuse treatment, or school or other educational program attendance. If the court later finds that the child has not complied with the rules, restrictions or conditions of the community-based program, the court may, after a hearing to establish lack of compliance, but without further evidence of the state of delinquency, enter an adjudication of delinquency, and shall thereafter have full authority under *450 this chapter to deal with the child as adjudicated.
(Emphasis supplied.)
Perhaps, what the G.R.A. court intended to communicate by its statement that there is no corresponding statute relating to juveniles who have adjudication withheld was that there are no time limitations provided in the statute dealing with circumstances in which adjudication is withheld, as there are in the statute dealing with juveniles who have been adjudicated delinquent. That fact cannot be simply ignored as a legislative oversight. In section 39.054(1) the legislature made it abundantly clear that it knows how to impose time restrictions upon dispositions of juveniles who have been adjudicated delinquent. Had the Florida Legislature intended the same time limitations to apply in cases when adjudication is withheld, it would and could have easily incorporated direct language to that effect.
Moreover, the phrase "and shall thereafter have full authority under this chapter to deal with the child as adjudicated" in 39.053(2) indicates that the limitation periods for disposition of a juvenile for whom adjudication has been initially withheld, but who is later adjudicated delinquent, should be calculated as commencing at the time of adjudication. Thus, it provides further support for the lower court's conclusion that the period of community control imposed in June of 1997 did not expire until December of 1997, and did not relate back, as N.W. suggests, to the original disposition on December 13, 1996.

CONCLUSION
In Florida, it is well settled that where the language of a statute is plain and unambiguous, there is no need for judicial interpretation. See, e.g., T.R. v. State, 677 So.2d 270 (Fla.1996); C.W. v. State, 655 So.2d 87 (Fla.1995). Accordingly, we resolve the certified conflict by finding that the limitations provided in section 39.054(1) apply to juveniles only after they are adjudicated delinquent. In so doing, we approve the lower court's decision in N.W. and disapprove of the decision in G.R.A.
The practical import of this holding is that juveniles who are not adjudicated delinquent at the initial disposition of their case may be subject to an indeterminate period of supervision because section 39.053(2) does not provide dispositional limits. See, e.g., M.G., 696 So.2d at 1341 (citing M.B., 693 So.2d at 1066). As a result, this period of supervision may be shorter or longer than the period prescribed by the statute for juveniles who are adjudicated delinquent. However, even in a case where the juvenile could potentially be subject to supervision for a longer period of time than that prescribed by section 39.054(1), the result may be justified because a juvenile who has adjudication withheld is, in essence, given a second chance. That is, the child is not labeled a "delinquent" so long as he or she comports with the conditions established by the court. In short, withholding adjudication provides the child with an opportunity to get his or her life back on track without developing a delinquency record. However, because the withholding of adjudication may subject the juvenile to the jurisdiction and control of the court for a longer period than if an adjudication of delinquency occurs, the juvenile courts are required to fully inform the juvenile of such facts.
Because we conclude that section 39.054(1) is only applicable when the court takes action with regard to children who have been adjudicated delinquent, it follows that the six-month limitation period commenced only when N.W. was adjudicated delinquent and placed on community control on June 11, 1997. As a result, we hold that the trial court appropriately exercised its jurisdiction over N.W. on the August 26, 1997, violation of community control petition. If the Florida Legislature intends identical limitation periods to apply both when adjudication occurs and when adjudication is withheld, such intent *451 can be easily accomplished by the insertion of very few words into the present statutory scheme-a legislative prerogative, not a judicial function.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] The record is unclear as to whether N.W. was formally placed on "community control" at that time. However, during oral argument in this Court, counsel for the State noted that N.W. was in fact placed on community control on December 13, 1996.
[2] This case became moot in December 1997 when the six months of community control expired. However, because periods of supervision or community control may expire before a case may be reviewed, this case presents a controversy capable of repetition, yet evading review, which should be considered on its merits. See Kight v. Dugger, 574 So.2d 1066 (Fla.1990).
[3] The statutes pertaining to juvenile delinquency proceedings were renumbered and incorporated into chapter 985, Florida Statutes (1997), pursuant to chapter 97-238, Laws of Florida, effective October 1, 1997.
[4] This provision has been renumbered as section 985.228(4), Florida Statutes (1997).
[5] This provision has been renumbered as section 985.231(1), Florida Statutes (1997).
[6] Because of this exception, section 39.054(4) does not control the duration of community control for a juvenile found guilty of a second-degree misdemeanor.
[7] D.V.S.' case was controlled by the 1993 version of the Florida Statutes. At that time, section 39.054(1)(a)1 did not include the sentence, which was included in the 1995 version applicable in N.W.'s case, carving out an exception for juveniles found guilty of second-degree misdemeanors (i.e., adult term of incarceration becomes irrelevant and the maximum term of supervision is six months). Had it included that exception, the issue would have been moot since DVS was sentenced to six months of community control (i.e., the same amount of time that could have been imposed had he been adjudicated). However, the import of this decision is in the Fifth District's recognition that section 39.054(1) is only applicable to juveniles who have been adjudicated delinquent.