KLEIN, J.
We withdraw our previously filed opinion and substitute it with the following.
Florida has a Construction Industry Recovery Fund, which, in general terms, reimburses people who have unpaid judgments against builders who have been found liable on specified types of claims. In this case nine home buyers recovered judgments against the insolvent builder, a corporation, and were reimbursed by the fund. The statute provides for license suspension until the fund is repaid by the licensee, but appellant contends that his license should not have been suspended because the judgments were only against the corporation. We disagree and affirm.
Appellant, a licensed residential contractor, agreed with Thomson Homes, Inc., that he would serve as its qualifying agent under section 489.119, Florida Statutes (2003). The statute requires corporations engaged in construction to have licensed individuals serving as their qualifying *224 agents. Appellant and Thomson agreed he would supervise construction, and in return receive a salary and part of the profits. During a several month period while appellant was told by Thomson that no activity was occurring, Thomson took deposits, started construction, and then went out of business.
Nine home buyers obtained judgments against Thomson Homes, were unable to collect, and obtained reimbursement from the fund. The licensing board then suspended appellant’s license until he reimbursed the fund. Appellant argues that his license should not have been suspended, because the judgments were not against him, but rather against Thomson Homes. He rests his argument on section 489.143(7), Florida Statutes (2003) which provides:
(7) Upon the payment of any amount from the Construction Industries Recovery Fund in settlement of a claim in satisfaction of a judgment or restitution order against a licensee as described in s. 489.141(1), the license of such licensee shall be automatically suspended, without further administrative action, upon the date of payment from the fund. The license of such licensee shall not be reinstated until he or she has repaid in full, plus interest, the amount paid from the fund. A discharge in bankruptcy does not relieve a person from the penalties and disabilities provided in this section, [e.s.]
The administrative law judge interpreted the emphasized language to require that judgments, as well as restitution orders, must be against the licensee, in order for there to be a suspension. The board reversed and held that the statute did not require that the judgment be against the licensee.
Appellant’s argument that the judgment must be against the licensee ignores other provisions in the statute. We must, however, read all parts of the statute together in order to achieve a consistent whole. T.R. v. State, 677 So.2d 270 (Fla.1996).
The legislative intent expressed in section 489.140(a), describes the purpose of the fund as being to reimburse any person “adjudged by a court of competent jurisdiction to have suffered monetary damages, or to whom the licensee has been ordered to pay restitution by the board.” Section 489.143(7), on which appellant relies, refers to licensees described in section 489.141(1), and that provision describes a person eligible to seek recovery against the fund as a person who:
[H]as received a final judgment in a court of competent jurisdiction in this state in any action wherein the cause of action was based on a construction contract or the Construction Industry Licensing Board has issued a final order directing the licensee to pay restitution to the claimant based on a violation of s. 489.129(l)(g), (j), or (k), where the contract was executed and the violation occurred on or after July 1, 1993 ...
It is obvious that restitution orders can only be against licensees, because it is only the licensee who is under the control of the Board. This provision, however, does not require that the judgment be against the licensee.
Section 489.129(1) authorizes disciplinary action (revocation or suspension of license) if the business organization for which the contractor is a primary qualifying agent (licensee) is found guilty of abandoning a construction project. Section 489.1195(l)(a) makes qualifying agents for a business organization jointly and equally responsible for supervision of all operations of the business organization including field work and financial matters.
*225 Under these statutes it is clear that the legislature intended to compensate aggrieved homeowners who obtain judgments in circumstances where the activities of the qualifying agent violate section 489.129(1), which is what occurred in this case. We accordingly agree with the board that, reading the statute as a whole, there is no requirement for a judgment to be against a licensee in order for the suspension to be imposed in this case.
Although it is unnecessary to our conclusion, it is worth noting that normally a contracting entity is not the individual holding the license, but rather a corporation. Under those circumstances the homeowner may not be able to sue the licensee, who is not a party to the contract. Murthy v. N. Sinha Corp., 644 So.2d 983 (Fla.1994). Given the risky nature of the business, and the protection offered by the corporate structure, requiring that the judgment be against the licensee, who can only be an individual, would, in most cases, make the suspension provision meaningless.
We have considered the other arguments raised by appellant and find them to be without merit. Affirmed.
GROSS and MAY, JJ., concur.