742 So.2d 261 (1997)
J.M.J., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3025.
District Court of Appeal of Florida, First District.
July 7, 1997.
*262 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
In this appeal from final orders in a juvenile delinquency proceeding, appellant complains that an order of adjudication and disposition and an order of post-commitment community control must be vacated because each addresses multiple offenses. The state does not respond to the merits of appellant's argument. Instead, it asserts that the appeal must be dismissed because appellant failed to comply with sections 924.051(3) and (4), Florida Statutes (Supp.1996). We have previously rejected the state's argument regarding the applicability of chapter 924, Florida Statutes, as recently amended, to juvenile delinquency proceedings. T.M.B. v. State, 689 So.2d 1215 (Fla. 1st DCA 1997), review pending, No. 90,432 (Fla. Apr. 28, 1997). However, by a notice of supplemental authority citing the subsequently decided case of I.T. v. State, 694 So.2d 720 (Fla. 1997), the state implies that T.M.B. was incorrectly decided, and that section 924.051 does, in fact, apply to juvenile delinquency proceedings. We disagree.
We continue to be of the opinion that section 924.051, Florida Statutes (Supp. 1996), which was created by the Criminal Appeal Reform Act of 1996 (ch. 96-248, § 4, at 954, Laws of Fla.), does not apply to juvenile delinquency proceedings. We base this conclusion upon a number of considerations. In the first place, by design, the juvenile delinquency system is different from the adult criminal system. See, e.g., P.W.G. v. State, 682 So.2d 1203 (Fla. 1st DCA 1996) (citing cases), review granted, 689 So.2d 1071 (Fla.1997). Among other differences is the fact that, in the juvenile delinquency system rehabilitation is the principal focus, while in the adult criminal system punishment is the principal focus. In addition, established principles of statutory construction militate against the conclusion that the legislature intended that section 924.051 apply to juvenile delinquency proceedings.
Section 924.051 was added by the legislature to chapter 924, which, by the same act, was renamed "Criminal Appeals and Collateral Review." Ch. 96-248, § 2, at 954, Laws of Fla. Chapter 924 is a part of Title XLVII, "Criminal Procedure and Corrections." Appeals in juvenile delinquency proceedings are addressed in section 39.069, Florida Statutes (1995), which is a part of chapter 39, "Proceedings Relating to Juveniles." Section 39.069 appears to have been intended by the legislature to deal exhaustively with the subject of appeals in juvenile delinquency proceedings. It strikes us as most peculiar that *263 the legislature would place provisions intended to create conditions precedent to the right to appeal in juvenile delinquency proceedings in a chapter of the Florida Statutes three volumes removed from the chapter relating to such proceedings, in a chapter concerned with adult criminal appeals, when section 39.069 was already in existence, and dealt exhaustively with the subject of appeals in delinquency proceedings. Surely, had such been the legislature's intent, it would have enlightened us in that regard. Moreover, if such was, indeed, the legislature's intent, it will be a simple matter for it to correct our misinterpretation.
Finally, we note that, in cases such as this, applying section 924.051 will result in depriving the juvenile of any opportunity to correct the trial court's error because there is no procedure applicable to juvenile delinquency proceedings which is similar to that created by the supreme court when it amended Florida Rule of Criminal Procedure 3.800(b) to permit motions to correct sentencing errors, Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374 (Fla.1996); nor is there any procedure for collateral review in juvenile delinquency proceedings which is similar to that afforded to adults convicted of crimes by Florida Rule of Criminal Procedure 3.850. Thus, juveniles who wish to challenge the terms of a disposition order will be left without any means to do so. It seems to us that such a result would pose serious constitutional problems. Depriving a juvenile of the right to review in such a case might well run afoul of article V, section 4(b), of the Florida Constitution. See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996) (the right to appeal is guaranteed by article V, section 4(b), of the Florida Constitution). In addition, it seems to us that such a result would raise serious questions under the due process and equal protection clauses of both the state and federal constitutions.
Based upon all of the considerations recited above, it seems to us that section 924.051 was not intended to apply to juvenile delinquency proceedings. We do not read I.T. as requiring a different result. Accordingly, we adhere to our conclusion in T.M.B. that section 924.051 does not apply to juvenile delinquency proceedings; and we reject the state's argument to the contrary. However, we certify the following question to the supreme court as one of great public importance:

DOES SECTION 924.051, FLORIDA STATUTES (SUPP.1996), APPLY TO JUVENILE DELINQUENCY PROCEEDINGS?
Turning to the merits, the trial court entered one order of adjudication and disposition, intended to apply to three separate offenses. Likewise, it entered one order of post-commitment community control, intended to apply to three separate offenses. Such single orders which address multiple offenses can lead to considerable confusion. To prevent such problems, the Second and the Fifth Districts have repeatedly held that a separate order must be entered for each offense. E.g., G.R.A. v. State, 688 So.2d 1027 (Fla. 5th DCA 1997); E.Y. v. State, 670 So.2d 1079 (Fla. 2d DCA 1996). We now join those courts. Accordingly, we vacate the order of adjudication and disposition and the order of post-conviction community control, and remand with directions that the trial court enter a separate order of adjudication, and of post-commitment community control, for each offense.
REVERSED and REMANDED, with directions.
MICKLE and PADOVANO, JJ., concur.