PER CURIAM.
The appellant, a juvenile, entered a plea of guilty to two counts of trespass. The Department of Juvenile Justice prepared a predisposition report recommending community control but the trial court rejected that recommendation and imposed instead a low risk commitment followed by community control. Because the court did not first secure a restrictiveness level recommendation from the Department, the court’s order of adjudication and commitment must be vacated. See R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA 1997); J.P.M. v. State, 688 So.2d 458 (Fla. 1st DCA 1997); S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996).
We reject the State’s argument that the appellant was required to preserve this issue for review according to the procedure in section 924.051(4), Florida Statutes (Supp.1996). See R.A.M. supra; T.M.B. v. State, 689 So.2d 1215 (Fla. 1st DCA 1997). As in R.A.M., we certify the following question to the supreme court:
DOES SECTION 924.051(4), FLORIDA STATUTES (SUPP.1996), APPLY IN JUVENILE DELINQUENCY PROCEEDINGS?
Reversed.
WEBSTER, MICKLE and PADOVANO, JJ., concur.