PER CURIAM.
The appellant was charged in separate cases with petit theft and with dealing in stolen property and grand theft. He entered a plea of nolo contendere to all charges. The- Department of Juvenile Justice prepared a predisposition report recommending community control, but the trial court rejected this recommendation and imposed a moderate risk commitment without first obtaining a recommendation from the Department as to the restrictiveness level.
This court has consistently held that section 39.052(4)(e)2, Florida Statutes, requires a trial court to obtain a restrictiveness level recommendation from the Department before ordering commitment. See R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA 1997); R.D. v. State, 742 So.2d 255 (Fla. 1st DCA 1997); S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996). Therefore, we reverse the order of commitment and remand this case for further proceedings-.
Moreover, the trial court erred by entering a single order of adjudication and of post commitment community control applicable to all the offenses. See J.M.J. v. State, 742 So.2d 261 (Fla. 1st DCA 1997); G.R.A. v. State, 688 So.2d 1027 (Fla. 5th DCA 1997). The trial court also failed to state the duration of the commitment and of the post commitment community control. On remand, the trial court must enter separate orders of adjudication and of post commitment community control for each offense and each order must state how long the commitment and post commitment community control is to last.
The state argues that the appellant has failed to preserve these issues under section 924.051(4), Florida Statutes (Supp. 1996). We reject this argument finding that section 924.051(4) does not apply to juveniles. See T.M.B. v. State, 689 So.2d 1215 (Fla. 1st DCA 1997); R.A.M. supra; J.M.J. v. State supra. As in R.A.M., we certify the following question to the supreme court:
DOES SECTION 924.051(4), FLORIDA STATUTES (SUPP.1996), APPLY IN JUVENILE DELINQUENCY PROCEEDINGS?
Reversed.
WEBSTER, LAWRENCE and PADOVANO, JJ., concur.