PER CURIAM.
In this juvenile delinquency proceeding, appellant seeks review of an order of commitment following his guilty plea for possession of cannabis with the intent to sell. He argues that the trial court failed to obtain a restrictiveness level recommendation from the Department of Juvenile Justice (“DJJ”) after rejecting the DJJ’s predisposition recommendation. We reverse.
The DJJ’s predisposition report recommended that appellant be placed on community control and enrolled in a marine program. The trial court rejected this recommendation and imposed a moderate risk enrollment without obtaining a further recommendation as to restrictiveness level from the DJJ. This was error. See, e.g., A.L. v. State, 743 So.2d 532 (Fla. 1st DCA 1997); K.A.S. v. State, 742 So.2d 264 (Fla. 1st DCA 1997); G.S.C. v. State, 742 So.2d 264 (Fla. 1st DCA 1997);[1] O.M. v. State, 689 So.2d 1265 (Fla. 1st DCA 1997). Section 39.052(4)(e)2, Florida Statutes, “unequivocally requires the court to receive and consider a recommendation from the [DJJ] as to restrictiveness level before ordering a commitment.” S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996).
The State argues that appellant did not preserve either issue below, as required by section 924.051(4), Florida Statutes (Supp. 1996), and objected only to the sufficiency of the reasons for deviating from the DJJ’s recommendation. We reject this argument. See A.L.; K.A.S.; G.S.C.; R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA 1997), review pending, 698 So.2d 1225 (Fla.1997).
Accordingly, we reverse and remand the case for further proceedings consistent with this opinion. However, as we did in *274 L.R.J. v. State, No. 97-718 (Fla. 1st DCA Dec.31, 1997), we certify the following questions to the supreme court:
1. DOES SECTION 924.051(4), FLORIDA STATUTES (SUPP. 1996), APPLY IN JUVENILE DELINQUENCY PROCEEDINGS?
2. DOES THE TRIAL JUDGE, ACTING AFTER A DISPOSITION HEARING AND BASED ON SPECIFIC REASONS, HAVE AUTHORITY TO REJECT THE DEPARTMENT’S COMMUNITY CONTROL RECOMMENDATION WITHOUT REMANDING THE CASE TO THE DEPARTMENT FOR AN ALTERNATIVE RECOMMENDATION?
REVERSED and REMANDED.
BARFIELD, C.J., JOANOS, J., and SMITH, Senior Judge, concur.

. These three cases, as well as R.A.M. below, are pending review. State v. T.M.B. et al., 698 So.2d 1225 (Fla.1997).