PER CURIAM.
Appellant, found guilty of violating his juvenile community control and committed to the Department of Juvenile Justice, raises two issues on appeal. We find no merit as to the first. The second issue, however, does require reversal.
The Department recommended that appellant be returned to community control. The trial court disagreed and imposed a commitment at level 4 without first receiving a recommendation as to commitment level from the Department. We have held that section 39.052(4)(e)(2), Florida Statutes, “unequivocally requires the court to receive and consider a recommendation from the [DJJ] as to restrictiveness level before ordering a commitment.” S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996). We also have held that community control is not a “restrictiveness level” and that section 39.052(4)(e)3, Florida Statutes, does not apply where the change is from community control to commitment. S.R.; see also O.M. v. State, 689 So.2d 1265 (Fla. 1st DCA 1997); K.Y.L. v. State, 685 So.2d 1380 (Fla. 1st DCA 1997). The Second District Court of Appeal has expressed conflict with the S.R. line of eases. D.L.B. v. State, 707 So.2d 844 (Fla. 2d DCA 1998).
The State argues that section 924.051(4), Florida Statutes (Supp.1996), requires a juvenile to raise this matter below, and that appellant did not raise this specific issue and therefore waived his right to appeal on this ground. We reject this argument. J.M.J. v. State, 22 Fla. L. Weekly D1673, — So.2d -, 1997 WL 369951 (Fla. 1st DCA July 7, 1997), review granted by State v. T.M.B., 698 So.2d 1225 (Fla.1997); R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA 1997), review granted, No. 91,035, — So.2d - (Fla. December 16, 1997).
Accordingly, we reverse and remand the case for further proceedings consistent with this opinion. However, we again certify to the Supreme Court of Florida the following questions as being of great public importance:
1. DOES SECTION 924.051(4), FLORIDA STATUTES (SUPP.1996), APPLY IN JUVENILE DELINQUENCY PROCEEDINGS?
2. DOES THE TRIAL JUDGE, ACTING AFTER A DISPOSITION HEARING AND BASED ON SPECIFIC REASONS, HAVE AUTHORITY TO REJECT THE DEPARTMENT’S COMMUNITY CONTROL RECOMMENDATION WITHOUT REMANDING THE CASE TO THE *256 DEPARTMENT FOR AN ALTERNATIVE RECOMMENDATION?
P.A. v. State, 23 Fla. L. Weekly D429, — So.2d -, 1998 WL 31505 (Fla. 1st DCA January 30, 1998); L.R.J. v. State, 706 So.2d 72 (Fla. 1st DCA 1998). See also J.M.J. v. State, 22 Fla. L. Weekly D1673, — So.2d -, 1997 WL 369951 (Fla. 1st DCA July 7, 1997), review granted by State v. T.M.B., 698 So.2d 1225 (Fla.1997).
JOANOS, MINER and WEBSTER, JJ., concur.