PER CURIAM.
Appellant, a juvenile, seeks review of an order of commitment following his guilty plea for reckless driving. He argues that the trial court erred by failing to obtain a restrictiveness level recommendation from the Department of Juvenile Justice (Department). We agree and reverse.
The Department’s pre-disposition report recommended that appellant be placed on community control. The trial court rejected the Department’s recommendation and imposed a low risk commitment without obtaining a further recommendation from the Department as to a restrietiveness level as required by section 39.052(4)(e)2, Florida Statutes (Supp.1996). See S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996). This was error.
Accordingly, we reverse the order of commitment and remand for further proceedings consistent with this opinion. We again certify the following as a question of great public importance:
DOES THE TRIAL JUDGE, ACTING AFTER A DISPOSITION HEARING AND BASED ON SPECIFIC REASONS, HAVE AUTHORITY TO REJECT THE DEPARTMENT’S COMMUNITY CONTROL RECOMMENDATION WITHOUT REMANDING THE CASE TO THE DEPARTMENT FOR AN ALTERNATIVE RECOMMENDATION?
See E.D.P. v. State, 23 Fla.L.Weekly D348, — So.2d -, 1998 WL 25483 (Fla. 1st DCA Jan. 27, 1998), review pending, No. 92,345 (Fla. Feb. 11, 1998); see also P.A. v. State, 23 Fla.L.Weekly D429, — So.2d -, 1998 WL 31505 (Fla. 1st DCA Jan. 30, 1998), review pending, No. 92,344 (Fla. Feb. 11, 1998); L.R.J. v. State, 706 So.2d 72 (Fla. 1st DCA 1998).
REVERSED AND REMANDED.
*535 MICKLE and DAVIS, JJ., and McDONALD, PARKER L., Senior Judge, concur.