SHAW, Justice.
We have for review J.D.B. v. State, 23 Fla. L. Weekly D789, 720 So.2d 255 (Fla. 1st DCA 1998), wherein the First District Court of Appeal certified the following two questions:
1. DOES SECTION 924.051(4), FLORIDA STATUTES (SUPP.1996), APPLY IN JUVENILE DELINQUENCY PROCEEDINGS?
2. DOES THE TRIAL JUDGE, ACTING AFTER A DISPOSITION HEARING AND BASED ON SPECIFIC REASONS, HAVE AUTHORITY TO REJECT THE DEPARTMENT’S COMMUNITY CONTROL RECOMMENDATION WITHOUT REMANDING THE CASE TO THE DEPARTMENT FOR AN ALTERNATIVE RECOMMENDATION?
Id. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We have since addressed these questions in State v. T.M.B., 716 So.2d 269 (Fla.1998)(question 1), and State v. E.D.P., No. 92,345, — So.2d -, 1998 WL 696947 (Fla. Oct. 8, 1998)(question 2). We answered the first question in the negative in T.M.B. and the second question in the affirmative in E.D.P. In accordance with our decisions in T.M.B. and E.D.P., we approve J.D.B. on the first issue, quash the district court’s decision on the second issue, and remand this case with directions to reinstate the sentence of the trial court.
It is so ordered.
HARDING, C.J., and OVERTON, J., concur.
*212 WELLS and ANSTEAD, JJ., concur in part and dissent in part with an opinion.
PARIENTE, J., dissents with an opinion, in which KOGAN, J., concurs.