PER CURIAM.
Appellant contends that the trial court erred in entering only one disposition order for the three offenses for which he was adjudicated delinquent. We agree that the indeterminate disposition for the first-degree misdemeanor offense exceeds the maximum allowed by law and therefore reverse and remand for entry of new disposition orders.
The disposition order committed appellant, based on three offenses, to the Department of Juvenile Justice “until he is legally discharged therefrom, provided such commitment shall not extend beyond his 21st birthday.” Two of appellant’s offenses are considered third degree felonies and the third, criminal mischief, is a first degree misdemeanor. The statutory máxi-mums for these offenses are five years and one year, respectively. §§ 775.082(3)(d) & (4)(a), Fla. Stat. (1997).
The law is well established that disposition orders which provide for indeterminate periods of commitment or community control that exceed the statutory maximum for the offenses constitute illegal dispositions that require reversal and remand for entry of new orders. See, e.g., M.J.P. v. State, 22 Fla. L. Weekly D2090, - So.2d -, 1997 WL 536011 (Fla. 1st DCA Sept.3, 1997), approved, 23 Fla. ,L. Weekly S192, 717 So.2d 459 (Fla.1998); T.R.G. v. State, 697 So.2d 940 (Fla. 2d DCA 1997); T.G. v. State, 677 So.2d 957 (Fla. 2d DCA 1996); M.S. v. State, 675 So.2d 215 (Fla. 4th DCA 1996); C.P. v. State, 674 So.2d 183 (Fla. 2d DCA 1996); B.S. v. State, 661 So.2d 19 (Fla. 2d DCA 1994). While the disposition order at bar is proper for the two felony offenses, it is not for the misdemeanor, because the one year statutory maximum for the misdemeanor offense will expire prior to appellant attaining 21 years of age. Therefore, in accordance with the above case law, the disposition order must be reversed and the case remanded for entry of a new order limiting the commitment for the misde *699 meanor offense to one year. See also S.P. v. State, 664 So.2d 1064 (Fla. 2d DCA 1995). On remand, the trial court should enter separate disposition orders for each offense. See J.M.J. v. State, 22 Fla. L. Weekly D1673, — So.2d -, 1997 WL 369951 (Fla. 1st DCA July 7, 1997); A.L.W. v. State, 22 Fla. L. Weekly D2227, — So.2d -, 1997 WL 578660 (Fla. 1st DCA Sept. 16, 1997), approved, 23 Fla. L. Weekly S191, 717 So.2d 913 (Fla.1998).
REVERSED and REMANDED with directions to enter new disposition orders.
ERVIN, MINER and KAHN, JJ., concur.