PER CURIAM.
Appellant, a juvenile adjudicated delinquent for battery on a school official and *602 resisting a police officer without violence, raises two issues on appeal Appellant first asserts that the trial court erred in rejecting the Department of Juvenile. Justice’s community control recommendation and committing the juvenile to a low-risk commitment level without requesting a recommended restrictiveness level from the Department. In accordance with State v. E.D.P., — So.2d -, 23 Fla. L. Weekly S524, 1998 WL 696947 (Fla. October 8, 1998), we affirm.
Appellant next argues that the court erred by entering a single order of commitment for both the third degree felony and first degree misdemeanor counts that resulted in a commitment in excess of the statutory maximum of one year for the misdemeanor offense. Initially, in accordance with our recent decision in A.F. v. State, 718 So.2d 260, 23 Fla. L. Weekly D2043 (Fla. 1st DCA 1998), we reject the state’s argument that this issue was not preserved. The single disposition order in the instant case committed appellant, who was then sixteen, to an “indeterminate term not to exceed the child’s nineteenth birthday or the maximum allowed by law” for the third degree felony with the sentence for the misdemeanor to run concurrently. We agree that the trial court erred. See A.F. v. State, 718 So.2d 260, 23 Fla. L. Weekly D2043 (Fla. 1st DCA 1998); M.J.P. v. State, — So.2d -, 22 Fla. L. Weekly D2090, 1997 WL 536011 (Fla. 1st DCA Sept. 3, 1997), approved, 717 So.2d 459, 23 Fla. L. Weekly S192 (Fla.1998); M.S. v. State, 675 So.2d 215 (Fla. 4th DCA 1996); C.P. v. State, 674 So.2d 183 (Fla. 2d DCA 1996). Accordingly, the disposition order is reversed, and the cause is remanded for entry of a new order limiting the commitment for the misdemeanor offense to one year. See T.C. v. State, — So.2d -, No. 97-4209, 1998 WL 716898 (Fla. 1st DCA October 15, 1998). On remand, the court should enter separate disposition orders for each offense. Id.
ERVIN, MINER and KAHN, JJ., concur.