PER CURIAM.
K.M.P. appeals from an order adjudicating him delinquent of offenses which, if he had been an adult, would have constituted two second degree felonies and two second degree misdemeanors. For all four offenses, a single order committed him “for an indeterminate period no longer than the maximum period allowed by law or the youth’s 19th birthday.” We reverse.
The state does not suggest that entry of the order under review was lawful, only that no error was preserved for appellate review as purportedly required by Florida Rule of Appellate Procedure 9.140(d), as made applicable by Florida Rule of Appellate Procedure 9.145(a). Having explicitly held in A.F. v. State, 718 So.2d 260, 263 (Fla. 1st DCA 1998), “that Rule 9.140(d) cannot be applied to limit juvenile appeals,” we reject the state’s argument. See State v. A.L.W., 717 So.2d 913, 913 (Fla.1998); State v. T.M.B., 716 So.2d 269, 269 (Fla.1998).
*507 We reverse and remand for entry of a separate order of adjudication for each offense. See AF. v. State, 718 So.2d at 263; A.L.W. v. State, 22 Fla.L. Weekly D2227, D2227,-So.2d-,-, 1997 WL 578660 (Fla. 1st DCA Sept.16, 1997), approved, 717 So.2d 913 (Fla.1998); J.M.J. v. State, 22 Fla.L. Weekly D1673, D1673, — So.2d-, 1997 WL 369951 (Fla. 1st DCA July 7, 1997), approved, State v. T.M.B., 716 So.2d 269 (Fla.1998). No commitment for an offense punishable as a second degree misdemeanor when committed by an adult can exceed sixty days. See S.C. v. Peterson, 718 So.2d 220, 221 (Fla. 4th DCA 1998).
Reversed and Remanded.
BOOTH, BENTON, and-VAN NORTWICK, JJ., concur.