730 So.2d 414 (1999)
D.P., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3320.
District Court of Appeal of Florida, Fifth District.
April 23, 1999.
*415 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Roberta J. Tylke, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.,
D.P., a child, was charged in separate delinquency petitions with battery against a fellow student and sexual battery against his stepmother. The latter charge was subsequently amended to aggravated battery. D.P. pled nolo contendere on separate dates to both charges. The court adjudicated D.P. delinquent on both charges and concurrently committed him to the Department of Juvenile Justice ("the Department"). The trial court entered one disposition order which committed D.P. to a residential high-risk facility for sex-offender treatment for a period not to extend beyond his 19th birthday, followed by community control and aftercare according to a plan to be developed by the Department and approved by the trial court before he was released from the residential program. The length of the aftercare program is not written on the commitment order, but the order noted that the maximum adult sentence for the aggravated battery charge would expire in October 2002. D.P. was 16 when he was committed to the Department.
D.P. raises three issues on appeal. First, he contends that the use of one disposition order for the misdemeanor and the felony charge was error. Second, he argues that the commitment for battery, a misdemeanor of the first degree, is erroneous because it exceeds the maximum penalty for an adult charged with the same crime. Finally, he contends that the disposition order is defective because it does not state the length of the post-commitment community control or other aftercare.
In R.L.B. v. State, 703 So.2d 1245 (Fla. 5th DCA 1998), this court held that a separate disposition order must be used for each delinquent act adjudicated. See also J.K.H. v. State, 694 So.2d 130 (Fla. 5th DCA 1997); G.R.A. v. State, 688 So.2d 1027 (Fla. 5th DCA 1997); and, M.L.B. v. State, 673 So.2d 582 (Fla. 5th DCA 1996). Because the trial court used one order instead of two as required by statute, the case must be remanded for the entry of two disposition orders. R.L.B. Further, it was improper to commit D.P. for an indeterminate term on the battery offense. The commitment exceeded the statutory one year maximum sentence for adults, and a child cannot be committed longer than the maximum sentence an adult would serve for the same offense. §§ 775.082(4)(a), 985.231(1)(d), Fla. Stat. (1997).
The state argues that the error is moot because the commitment was concurrent for both delinquent acts and D.P. has served the maximum time that could be imposed for a misdemeanor of the first degree, *416 yet he is still properly in the custody of the Department for aggravated battery, a third degree felony. We disagree. The case law is clear that disposition orders which provide for indeterminate periods of commitment "constitute illegal dispositions that require reversal." T.C. v. State, 23 Fla. L. Weekly D2343, ___ So.2d ___, 1998 WL 716898 (Fla. 1st DCA 1998); T.D.J. v. State, 725 So.2d 466 (Fla. 1st DCA 1999); C.D.N v. State, 720 So.2d 601 (Fla. 1st DCA 1998); T.R.G. v. State, 697 So.2d 940 (Fla. 2d DCA 1997). The fact that D.P. may have served the maximum time provided by statute does not make the disposition order any less illegal. We therefore vacate the dispositions and remand for entry of separate disposition orders.
The trial court did not err when it failed to specify the length of the aftercare. The purpose of specifying a term of community control or aftercare is to ensure that the delinquent child will not be in the custody of the Department beyond his 19th birthday or longer than the maximum term for which the child could have been committed. See E.J. v. State, 595 So.2d 282 (Fla. 1st DCA 1992); § 985.231(1)(a)1.a. Citing A.L.W. v. State, 22 Fla. L. Weekly D2227, ___ So.2d ___, 1997 WL 578660 (Fla. 1st DCA September 16, 1997), D.P. argues that the disposition order is defective because it must state the length of the post-commitment community control or other aftercare. More precisely, D.P.'s argument is that the commitment order must state the exact length of commitment to the high risk program and the exact length of the post-commitment community control or aftercare. We disagree with this conclusion because A.L.W. is not applicable to the facts of this case. In A.L.W., the trial court failed to state the duration of the commitment and the post commitment community control. Id. The trial court failed to state any length of time the child would be in the custody of the Department. Here, the trial court committed D.P. to the Department until his 19th birthday or until earlier released by court order. There is no requirement, indeed there can be none, that the court specify the length of time in each component of the commitment.
The high risk counseling program requires that D.P. remain a resident until he has received maximum benefit from the mental health counseling. The length of the stay may take one, two or three years depending upon D.P.'s needs. Testimony from D.P.'s father, family, and mental health counselors established his severe behavior disorders which caused the child to act out aggressively and sexually. Although the state reduced the original charge of sexual battery to aggravated battery, evidence presented showed that D.P. had sexually battered his stepmother on numerous occasions. Further, there was evidence that he had physically abused his previous stepmother and may have sexually abused his 13 year old sister.
After receiving this information, the court placed D.P. into a counseling program that would address his problems. The court could not set the duration of each program component because D.P.'s progress could not be predetermined. Further, since the Department loses jurisdiction over the child after the child's 19th birthday, see section 985.23(1)(a)1.d., there is no danger that D.P. will be on community control or aftercare beyond his 19th birthday. Cf. A.F. v. State, 718 So.2d 260 (Fla. 1st DCA 1998) (holding that the failure of the disposition order to state the duration of commitment or community control was error because the order could be construed to extend the child's commitment beyond the statutory maximum or the child's 19th birthday).
Accordingly, we affirm the adjudication of delinquency, vacate the dispositions and remand to the trial court for the entry of separate disposition orders consistent with this opinion.
ADJUDICATION AFFIRMED; DISPOSITION VACATED; REMANDED.
GRIFFIN, C.J., and DAUKSCH, J., concur.