PER CURIAM.
B.K.W. and T.T.D. appeal disposition orders entered after they were adjudicated delinquent for armed burglary and grand theft. They contend that a separate disposition order is required for each offense, and that the challenged orders can be read to authorize supervision for more than the five-year statutory maximum authorized for grand theft committed by an adult. Agreeing with their first contention, we need not reach their second contention. We reverse and remand for entry of four separate disposition orders. See K.M.P. v. State, 24 Fla. L. Weekly D420, 420, — So.2d-,-, 1999 WL 77746 (Fla. 1st DCA Feb. 12, 1999); A.F. v. State, 718 *448 So.2d 260, 263 (Fla. 1st DCA 1998); A.L.W. v. State, 22 Fla. L. Weekly D2227, D2227, — So.2d -, -, 1997 WL 578660 (Fla. 1st DCA Sept.16, 1997), approved, 717 So.2d 913 (Fla.1998); J.M.J. v. State, 22 Fla. L. Weekly D1673, D1673, — So.2d -, -, 1997 WL 369951 (Fla. 1st DCA July 7, 1997), approved, State v. T.M.B., 716 So.2d 269 (Fla.1998); G.R.A. v. State, 688 So.2d 1027 (Fla. 5th DCA 1997); E.Y. v. State, 670 So.2d 1079 (Fla. 2d DCA 1996).
Reversed and remanded.
MINER, BENTON, and BROWNING, JJ., CONCUR.