JOANOS, J.
Appellant seeks review of the disposition order imposed by the trial court after appellant’s plea of guilty to petit theft, a second degree misdemeanor. Appellant contends the trial court erred in imposing both a residential commitment and community control sanction upon adjudicating appellant delinquent. We agree.
The state filed a delinquency petition, charging that on June 19, 1999, appellant committed the offense of petit theft of clothing from a department store. At the delinquency proceeding, counsel for the state advised that appellant had been placed on community control in connection with two charges committed in January 1999, and was back with two new law violations of petit theft. The state asked that appellant be placed on low-risk placement, rather than the community control recommended by the Department of Juvenile Justice. The trial court made a comprehensive disposition pronouncement, presumably intended to encompass sanctions for the instant petit theft offense, together with other offenses, including those for which appellant previously had been placed on community control.
The disposition order states that appellant pled guilty to “petit theft; VOCC underlying charges of affray, trespass upon school grounds; trespass upon school grounds; petit theft.” The order further states that appellant was committed to low risk with recommendation to residential program. The attachment to the disposition order which relates to the instant petit theft offense indicates appellant was sentenced to post commitment community control or community control for a maximum period of 60 days, to be served consecutively with “case number CJ 21.”
Appellant contends the trial court erred in imposing both a residential commitment and community control upon adjudicating her delinquent. We agree. Section 985.231,' Florida Statutes (1999), provides in pertinent part:
(l)(a) The court that has jurisdiction of an adjudicated delinquent child may, by an order stating the facts upon which a determination of a sanction and reha *742 bilitative program was made at the disposition hearing:
[[Image here]]
3. Commit the child to the Department of Juvenile Justice at a restrictiveness level defined in s. 985.03....
[[Image here]]
(d) Any commitment of a delinquent child to the Department of Juvenile Justice must be for an indeterminate period of time, which may include periods of temporary release, but the time may not exceed the maximum term of imprisonment that an adult may serve for the same offense....
When adjudication is withheld in a juvenile proceeding, the court may impose an indeterminate period of community control. See M.B. v. State, 693 So.2d 1066 (Fla. 4th DCA 1997). However, when adjudication is pronounced in a juvenile case, the disposition imposed is limited to the maximum sentence which could be imposed upon an adult for the same offense. See D.P. v. State, 730 So.2d 414, 415 (Fla. 5th DCA 1999); M.G. v. State, 696 So.2d 1340, 1341 (Fla. 2d DCA 1997); A.C. v. State, 688 So.2d 1004 (Fla. 2d DCA 1997). The maximum permissible period of incarceration for a second degree misdemeanor is 60 days. See § 775.082(4)(b), Fla.Stat. (1999).
This court has joined with the Second and Fifth District Courts of Appeal to require that a separate order of adjudication and disposition must be entered for each offense. See A.F. v. State, 718 So.2d 260, 263 (Fla. 1st DCA 1998); A.L.W. v. State, 742 So.2d 271, 272 (Fla. 1st DCA 1997), decision approved, 717 So.2d 913 (Fla.1998); J.M.J. v. State, 742 So.2d 261, 263 (Fla. 1st DCA 1997), decision approved by State v. T.M.B., 716 So.2d 269 (Fla.1998); D.P. v. State, 730 So.2d 414, 415 (Fla. 5th DCA 1999); R.L.B. v. State, 703 So.2d 1245, 1246-47 (Fla. 5th DCA 1998); G.R.A. v. State, 688 So.2d 1027 (Fla. 5th DCA 1997); E.Y. v. State, 670 So.2d 1079 (Fla. 2d DCA 1996).
In this case, the trial court used one disposition order for four separate offenses, with attached pages as to the respective offenses. The trial court adjudicated appellant delinquent, and ordered her—
COMMITTED to a licensed child caring agency or the Department of Juvenile Justice. The Court orders the youth placed in low risk, ... with recommendation to the residential Program, consecutive ... [1] The placement is for an indeterminate period but no longer than the maximum sentence allowable by law or the youth’s 19th birthday. The youth is allowed credit for time spent in detention or incarceration before this date. Upon release, the youth shall be placed on Post Commitment Community Control under the conditions specified in this order.
The attachment to the disposition order which references the offense in this case specifies that appellant was sentenced to Post Commitment Community Control for a maximum period of 60 days. A literal reading of the disposition order and the pertinent attachment indicates that as to the instant petit theft offense, appellant was committed to a low-risk residential program for 60 days (the maximum sentence allowable by law for this offense), to be followed by 60 days of community control. Consequently, the sentencing disposition exceeds the maximum sentence permitted by statute for a second degree misdemeanor.
Accordingly, we vacate the disposition order and remand the cause with directions to use a separate order for each offense, and to impose a sanction which *743 does not exceed 60 days as to the instant petit theft offense.
ALLEN and KAHN, JJ., CONCUR.

. The printed order includes handwritten in-terlineations which we have been unable to decipher with any degree of certainty.