773 So.2d 112 (2000)
J.P.C., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-1930.
District Court of Appeal of Florida, First District.
December 20, 2000.
Nancy A. Daniels, Public Defender, and Jamie Spivey, Assistant Public Defender, Tallahassee, Attorneys for Appellant.
Robert A. Butterworth, Attorney General, and James W. Rogers, Senior Assistant Attorney General, Tallahassee, Attorneys for Appellee.
PER CURIAM.
Appellant was charged by delinquency petitions in case numbers 98-2358A and 99-320A with two counts of burglary of an unoccupied conveyance and petit theft. The trial court found him guilty as charged and adjudicated him delinquent. We affirm the adjudication of delinquency on all counts.[1]
However, the trial court erred in entering a single order of adjudication and disposition and a single order of post-commitment community control for all offenses. See J.M.J. v. State, 742 So.2d 261 (Fla. 1st DCA 1997) (citing G.R.A. v. State, 688 So.2d 1027 (Fla. 5th DCA 1997), disapproved on other grounds by N.W. v. State, *113 767 So.2d 446 (Fla.2000); and E.Y. v. State, 670 So.2d 1079 (Fla. 2d DCA 1996)). Additionally, the trial court sentenced Appellant to one year of post-commitment community control for petit theft, a term which exceeds the statutory maximum for this second degree misdemeanor. See § 775.082(4)(b), Fla.Stat.; D.L.J. v. State, 765 So.2d 740 (Fla. 1st DCA 2000).
We vacate the disposition order, and remand the cause with directions for entry of separate disposition orders for each offense and for imposition of a sentence that does not exceed 60 days for commitment and post-commitment control as to petit theft in case number 99-320A. See D.L.J., supra, at 742.
BOOTH, ALLEN and PADOVANO, JJ., CONCUR.
NOTES
[1] We reject the State's recommendation that we affirm without prejudice to this juvenile filing a rule 3.800 motion to correct these sentencing errors. See Cargle v. State, 770 So.2d 1151 (Fla.2000); A.F. v. State, 718 So.2d 260, 262-63 (Fla. 1st DCA 1998).