PER CURIAM.
T.W., an eleven year-old, appeals a juvenile disposition order entered after adjudications of what would have been, if committed by an adult, a first-degree misdemeanor, a third-degree felony, and a second-degree felony. The disposition order provides for level 6 commitment of indeterminate length. See T.C. v. State, 736 So.2d 698, 698 (Fla. 1st DCA 1998) (“The law is well established that disposition orders which provide for indeterminate periods of commitment or community control that exceed the statutory maximum for the offenses constitute illegal dispositions that require reversal and remand for entry of new orders.”). The state concedes error. See N.B. v. State, 746 So.2d 1245, 1246 (Fla. 1st DCA 1999); KM.P. v. State, 735 So.2d 506, 507 (Fla. 1st DCA 1999); B.K.W. v. State, 732 So.2d 447, 447-48 (Fla. 1st DCA 1999). We reverse and remand for entry of separate disposition orders for each offense.
BENTON, PADOVANO, and POLSTON, JJ., concur.