784 So.2d 1208 (2001)
S.I., Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1169.
District Court of Appeal of Florida, Second District.
April 11, 2001.
James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jenny S. Sieg, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Acting Chief Judge.
S.I. contends the trial court should have discharged him from delinquency proceedings on speedy trial grounds. We disagree, and affirm on that point. However, we reverse and remand for the trial court to impose individual disposition and sentencing orders for the four charges, and to afford S.I. an opportunity to object to the imposition of a public defender's lien.
On the speedy trial issue, the trial court correctly determined that S.I. was unavailable as defined in Florida Rule of Juvenile Procedure 8.090(d). Therefore, the recapture period set forth in Rule 8.090(m)(3) applied. The court complied with the requisite deadlines and ordered that the trial begin within 10 days, before which S.I. admitted to the offenses.
The State concedes that the trial court should have entered separate disposition orders and sentences for each offense. B.K.W. v. State, 732 So.2d 447 (Fla. 1st DCA 1999); J.D. v. State, 732 So.2d 1135 (Fla. 2d DCA 1999).
Finally, S.I. argues that the trial court erroneously imposed a public defender lien because it did not notify him of his right to a hearing to contest the amount of the lien under Florida Rule of Criminal Procedure 3.720(d)(1). S.D. v. State, 687 So.2d 948 (Fla. 2d DCA 1997). His point is well-taken. Accordingly, on remand S.I. shall have thirty days from the date of this court's mandate within which to file a written objection to the amount of the lien. If he does so, the assessment shall be stricken *1209 and no new assessment shall be imposed without notice and a hearing pursuant to the rule.
Affirmed in part, reversed in part and remanded for further proceedings.
DAVIS, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.