783 So.2d 336 (2001)
K.L.P., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-3398.
District Court of Appeal of Florida, First District.
April 26, 2001.
Nancy Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Attorneys, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers; Senior Assistant Attorney General, Attorneys, Tallahassee, for Appellee.
PER CURIAM.
In this appeal brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we find no error in the adjudication of the appellant's delinquency. We do find error, however, in the sentence imposed by the trial court after the appellant pled guilty to battery, a first degree misdemeanor, and violation of community control for two underlying third degree felonies.
This Court has repeatedly stated that a separate order of adjudication and disposition must be entered for each juvenile offense. See D.L.J. v. State, 765 So.2d 740 (Fla. 1st DCA 2000); T.B. v. State, 732 So.2d 1163 (Fla. 1st DCA 1999); N.B. v. State, 746 So.2d 1245 (Fla. 1st DCA 1999); A.F. v. State, 718 So.2d 260 (Fla. 1st DCA 1998); C.D.N. v. State, 720 So.2d 601 (Fla. 1st DCA 1998). Here, the trial court entered a single disposition order for all the cases against the appellant with attached documents for each offense. This is in contravention of both Rule 8.115(c) and court precedent.
Furthermore, the trial court committed the appellant to low-risk for "an indeterminate period but not longer than the maximum sentence allowable by law or the youth's 19th birthday." In the attachment on the battery offense, the trial court also sentenced the appellant to community control for a maximum period of one year. This total sentence exceeds the maximum period of one year of a first degree misdemeanor. See § 775.082(4)(a), Fla. Stat. (1999) (limiting maximum imprisonment period for first degree misdemeanor to one year).
Accordingly, we affirm the adjudication of the appellant's delinquency but vacate the disposition order. We remand for entry of a new order limiting the total sentence for the misdemeanor offense to one year. On remand, the trial court should enter separate disposition orders for each offense.
AFFIRMED in part; VACATED in part; REMANDED with directions.
BOOTH, WOLF and LEWIS, JJ., concur.