BROWNING, J.
Appellant, a juvenile, appeals from his disposition order of level ten maximum risk residential placement. We conclude that Appellant should not have received this disposition for his misdemeanor offenses, and reverse and remand for resen-tencing.
The trial court entered a single disposition order committing Appellant to maximum residential commitment until the age of 19 for the felony of carrying a concealed weapon, the misdemeanor of a firearm by a minor, and the misdemeanor of giving a false name or identification to an officer. The trial court entered another disposition order committing Appellant to maximum commitment until the age óf 19 for the misdemeanor of criminal mischief. The trial court erred in sentencing Appellant to level ten commitment for the misdemeanors because they are not ranked at an offense severity level of seven or higher, and Appellant was not transferred from a moderate-risk or high-risk residential commitment placement. §§ 985.313, 921.0022, Fla. Stat. (2002). The commitment was proper for the felony offense, even though it is not an enumerated felony in section 985.313(1), Florida Statutes, because Appellant had previously been committed three or more times to a delinquency commitment program. See § 985.313(2), Fla. Stat. (2000).
Also, as the state concedes, the trial court must enter a separate disposition order on each offense. See D.L.J. v. State, 765 So.2d 740 (Fla. 1st DCA 2000). Thus, on remand, the trial court shall enter separate disposition orders for each offense.
Accordingly, we REVERSE the disposition order on the misdemeanors in lower court case numbers 02-460 and 02-908, and REMAND for resentencing on those convictions and for the trial court to enter *325 separate disposition orders for each offense.
ALLEN, C.J. and WEBSTER, JJ„ CONCUR.